Marc J. Randazza, AZ Bar No.: 27861
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

Attorneys for Plaintiff,
AMA Multimedia LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

AMA MULTIMEDIA, LLC, a Nevada
limited liability company,

        Plaintiff,

    vs.

John Does 1-25, and
Roe Corporations 26-50,

        Defendants.

Case No.

**COMPLAINT**

    **(1)** **Copyright Infringement – 17 U.S.C. § 101, *et seq.*;**
    **(2)** **Contributory Copyright Infringement;**
    **(3)** **Vicarious Copyright Infringement;**
    **(4)** **Trademark Infringement – 15 U.S.C. § 1114;**
    **(5)** **Unfair Competition – 15 U.S.C. § 1125(a)**

**JURY DEMAND**

    For its Complaint against Doe Defendants 1 through 25 and Roe Corporation Defendants 26-50 (collectively, "Defendants"), Plaintiff AMA Multimedia LLC ("AMA") hereby complains and alleges as follows:

## 1.0   NATURE OF THE ACTION

    Plaintiff AMA is a Nevada limited liability company that produces high quality audiovisual works that it distributes online to paid subscribers of its websites. In connection with its production and sale of audiovisual works, AMA owns copyright registrations with the U.S. Copyright Office for

1  nearly every audiovisual work that it produces. AMA additionally owns

2  trademark registrations with the United States Patent and Trademark

3  Office for its brands and zealously and proactively protects its intellectual

4  property.

5      Defendants are the registrants of the domain names <eporner.com>

6  and <epornergay.com> and the owners of the EPorner website, which

7  can be reached through both domain names. The EPorner website

8  operates as a free mega-theater for the copyrighted works of Plaintiff

9  AMA and numerous other content owners. When Defendants post videos

10 owned by AMA, they leave Plaintiff's watermark, which contains one of

11 Plaintiff's trademarked logos, on the video and combine it with an EPorner

12 watermark in order to confuse and deceive consumers. Plaintiff AMA is

13 informed and believes that Defendants upload some of Plaintiff's videos

14 onto the EPorner website themselves. To the extent that third parties

15 upload the videos, Defendants actively encourage these third parties to

16 do so. Defendants have not designated an agent for receipt of take-

17 down notices pursuant to 17 U.S.C. § 512 and are not entitled to any of

18 the protections that the Digital Millennium Copyright Act (the "DMCA")

19 could have provided.

20     Plaintiff seeks relief from this Court in order to put an end to

21 Defendants' rampant intellectual property infringement and asserts claims

22 against Defendants for copyright infringement, contributory copyright

23 infringement, vicarious copyright infringement, trademark infringement,

24 and unfair competition.

25 / / /

26 / / /

27 / / /

- 2 -

## 2.0   JURISDICTION AND VENUE

1.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, as this case arises under the U.S. Copyright Act and the U.S. Lanham Act.

2.     This Court has personal jurisdiction over Defendants because the claims in this Complaint relate to their maintenance and operation of a website located on the World Wide Web at <eporner.com>, <epornergay.com>, and <eprncdn.com>. This website is interactive and is fully accessible to residents of this District.

3.     As a further ground for jurisdiction in this District, Defendants used the domain name registrar GoDaddy, located in Scottsdale, Arizona, to register the <epornergay.com> and <eprncdn.com> domain names and domain name privacy service Domains By Proxy, located in Scottsdale, Arizona, to conceal their identities from the world. When Defendants used the services of GoDaddy and Domains By Proxy, they agreed that in any disputes between them and any third parties, they would submit to the jurisdiction of the state or federal courts of Arizona.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c).

## 3.0   THE PARTIES

5.     Plaintiff AMA is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada. Plaintiff is a producer and distributor of erotic adult entertainment over the Internet.

6.     AMA owns a series of subscription-based websites that create and distribute adult content to subscribers who pay for its services. Specifically, AMA's subscribers are issued a login ID and password after providing credit card information and confirming that they are over 18

- 3 -

1    years of age. Following issuance of the login ID and password, subscribers

2    are able to access the secure portion of AMA's websites to view adult

3    materials.

4        7.    AMA owns numerous online properties, the brands of which

5    are protected by common law and federally registered trademarks. In

6    particular, AMA produces adult content under the well-known "Passion-

7    HD" and "Massage Creep" brands, among others.

8        8.    AMA has federally registered trademark rights in the following

9    marks:

10           a. PASSION-HD.COM (registration number 4,190,291).

11           b. PASSION-HD (registration number 4,251,457).

12           c. PORNPROS (registration number 4,081,017).

13           d. PORNPROS (registration number 3,566,875).

14           e. PUREMATURE (registration number 4,453,271).

15           f. POVD INNOVATIVE. CUTTING EDGE. A NEW PORN

16              EXPERIENCE. (registration number 4,576,025).

17           g. TINY4K.COM, (registration number 4,678,642).

18           h. FANTASYHD (registration number 4,591,117).

19           i. EXOTIC4K.COM YOUNG EXOTIC GIRLS 4K ULTRA-DEF (serial

20              number 86,425,774).

21       9.    Defendants are a group of individuals and/or entities that

22   possess the registrations for the <eporner.com>, <epornergay.com>, and

23   <eprncdn.com> domain names and operate the EPorner website,

24   accessible through both domain names.

25       10.   Plaintiff is currently unaware of the actual names and/or

26   identities of Defendants but will amend this Complaint after those

27   identities are discovered through early discovery to the registrars, privacy

1  services, and/or hosting companies used by Defendants for the
2  maintenance of the <eporner.com>, <epornergay.com>, and
3  <eprncdn.com> domain names and the EPorner website.

4  **4.0   ALLEGATIONS COMMON TO ALL CLAIMS**

5      **4.1   The Operation of the EPorner Website**

6      11.   Defendants registered the <eporner.com> domain name on
7  or about April 8, 2008. The current registrar of the domain name is Key-
8  Systems GmbH, a domain name registrar located in Sankt Ingbert,
9  Germany.

10     12.   Because Defendants are aware that they are using the
11 <eporner.com> domain name to infringe upon the rights of Plaintiff and
12 other content producers, they have utilized a privacy service to hide their
13 identities as registrants of the domain name, specifically Whoisproxy.com,
14 Ltd., which is located in Auckland, New Zealand.

15     13.   The hosting company used by the registrants of the
16 <eporner.com> domain name is Leaseweb, which is headquartered in
17 Amsterdam, the Netherlands, and which has an office in Manassas,
18 Virginia.

19     14.   Defendants registered the <epornergay.com> domain name
20 on or about August 27, 2013. The current registrar of the domain name is
21 GoDaddy.com, LLC, a domain name registrar located in Scottsdale,
22 Arizona.

23     15.   Because Defendants are aware that they are using the
24 <epornergay.com> domain name to infringe upon the rights of Plaintiff
25 and other content producers, they have used a privacy service to hide
26 their identities as registrants of the domain name, specifically Domains By
27 Proxy, LLC, which is located in Scottsdale, Arizona.

16.   The hosting company used by the registrants of the <epornergay.com> domain name is Leaseweb, which is headquartered in Amsterdam, Netherlands, and which has an office in Manassas, Virginia.

17.   Defendants registered the <eprncdn.com> domain name on or about November 5, 2013. The current registrar of the domain name is GoDaddy.com, LLC, a domain name registrar located in Scottsdale, Arizona.

18.   Because Defendants are aware that they are using the <eprncdn.com> domain name to infringe upon the rights of Plaintiff and other content producers, they have used a privacy service to hide their identities as registrants of the domain name, specifically Domains By Proxy, LLC, which is located in Scottsdale, Arizona.

19.   The hosting company used by the registrants of the <eprncdn.com> domain name is Leaseweb, which is headquartered in Amsterdam, Netherlands, and which has an office in Manassas, Virginia.

20.   When an Internet user puts the <eporner.com>, <epornergay.com>, or <eprncdn.com> domain names into his Internet browser, he is taken to Defendants' EPorner website, which operates as a mega-theater displaying the contents of Plaintiff and other content producers free of charge and with no compensation to Plaintiff or other content producers.

21.   EPorner's popularity rests entirely on the infringing content found on the site. Virtually all of the profit that Defendants make from the EPorner site is a result of the infringing content found on the site, including content belonging to Plaintiff.

22.   The videos on the EPorner site, including the videos Defendants stole from Plaintiff, contain the watermark of the content

owner/producer. In addition, EPorner includes its own watermark in the top left hand corner of the video, which reads "HD EPorner."

23.   Because Defendants use the EPorner watermark along with Plaintiff's watermarks on the EPorner site, Internet users will be confused and believe that Plaintiff sponsors, endorses, or approves of EPorner's use of its content and trademarks, which it does not.

24.   EPorner operates on the World Wide Web purporting to be a forum for website users to share their own original video content. However, belying its ostensible function as a repository for user-owned and generated content, most of the content on EPorner (and the most valuable content on EPorner) consists of infringing copies of obviously copyrighted works, including those of Plaintiff AMA.

25.   Most video upload sites require their users to create an account, typically by providing (at the very least) an email address.

26.   On EPorner's upload page, it advertises that users have the option to upload anonymously. Therefore, if EPorner's users are uploading infringing material, EPorner assists them in doing so with minimal fear of being identified by the intellectual property owner.

27.   Upon information and belief, Defendants themselves upload some, if not most, of the infringing content on the EPorner website. In fact, the site's upload page seems to confirm this when it states "[e]very day we are adding dozens of new porn videos and photos."

28.   The EPorner site displays a still image from within the video on its website. When an Internet visitor drags his cursor over the image for a specific video, multiple images from within the video are shown sequentially, providing a preview of the video's contents.

29.    Beneath the preview image of each video, the site displays the number of views, the average user rating on a 5-star scale, and the length of the video in minutes and seconds.

30.    The longer a video is, the more views it gets on the EPorner site, as Internet visitors will know that they are full-length movies and not previews. Longer videos are most likely to be infringing.

31.    When an Internet visitor clicks on the preview image, the video begins to play.

32.    Defendants categorize several videos found on Eporner under the terms "Full HD Porn," "60 FPS Porn," or "Full HD," and marks videos that fall under these categories with a special identifier visible on the preview image of a video. Defendants, rather than third-party users of Eporner, add these special identifiers.

33.    In addition to posting Plaintiff's videos on the EPorner site, Defendants incentivize third parties to display Plaintiffs' copyrighted works as well through the EPorner webmaster program, which encourages third parties to populate their websites with infringing material from the EPorner site.

**4.2    EPorner Is Not DMCA Compliant**

34.    The EPorner website contains a section entitled "DMCA Notice of Copyright Infringement," whereby Defendants state that they have a designated agent to receive takedown requests whose email address is <dmca@eporner.com>.

35.    However, a review of the Service Provider Agents list on the website for the U.S. Copyright Office reveals that EPorner has not designated an agent for receipt of takedown notices, as required by 17 U.S.C. § 512(c)(2).

36.    Because Defendants have not registered a designated agent with the Copyright Office as required by Section 512(c)(2), they do not qualify for the safe harbor provisions of 17 U.S.C. § 512(c)(1).

37.    EPorner purports to have a repeat infringer policy. However, it is ambiguous to the point of irrelevance, as it simply states "a User's access to EPorner will be terminated if, under appropriate conditions, the User is determined to infringe repeatedly."

38.    Upon information and belief, Defendants make no effort to enforce this repeat infringer policy.

39.    However, Defendants do possess actual, specific knowledge of infringing activity and general knowledge of the infringement occurring on the EPorner site, which they have chosen to ignore so that they might benefit at the expense of intellectual property owners, including AMA.

40.    Defendants sell advertising on the EPorner website in the form of traditional website display ads.

41.    Defendants receive revenue from the advertisements on the basis of the number of ads displayed and/or the number of visitors its advertisements direct to the advertisers' websites.

42.    Defendants' infringing activity leads to increased Internet traffic on the EPorner site and thus increases advertising revenue – as an increasing volume of Internet traffic increases both the amount of advertisements displayed to users of its service and the rates that Defendants can charge for displaying those advertisements.

43.    Defendants knowingly, intentionally, negligently, willfully, or with willful blindness, knows of, causes, or permits copyright infringement to occur on EPorner, while exercising the right and authority to control and

1  end such infringement. Defendants do this for their own financial gain and
2  benefit.

3  **5.0   CAUSES OF ACTION**

4  **5.1   First Cause of Action – Copyright Infringement (17 U.S.C. § 501)**

5      44.   Plaintiff AMA repeats and realleges each and every allegation
6  contained in the preceding paragraphs as if set forth fully herein.

7      45.   AMA is the owner of at least 80 works – among dozens of
8  others – found to be copied and distributed, without authorization, on
9  Defendants' website, EPorner, which is reached through the
10  <eporner.com> and <epornergay.com> domain names.

11     46.   AMA registered each copyright with the U.S. Copyright Office
12  within 90 days of publication and/or before Defendants' infringement
13  occurred.

14     47.   The number of infringed copyrights – and the volume of
15  infringement – on the EPorner website grows daily, as is Defendants'
16  intention. AMA shall file supplemental updates to this Complaint to
17  document subsequently discovered infringements.

18     48.   At all times leading to this lawsuit, AMA was the producer and
19  registered owner of the works unlawfully reproduced and distributed by
20  Defendants through EPorner.

21     49.   Defendants reproduced, reformatted, and distributed AMA's
22  copyrighted works through servers and other hardware that it owned,
23  operated, or controlled.

24     50.   Defendants infringed upon AMA's copyrights through their
25  reproduction and distribution of AMA's works through EPorner without
26  AMA's approval or authorization.

27

51.   Defendants knew or should have known that they did not have permission to exploit AMA's works on EPorner and that their actions of copying, displaying, and distributing AMA's works constituted copyright infringement.

52.   Defendants engaged in intentional, knowing, negligent, or willfully blind conduct that demonstrates they engaged actively in the unlawful collection and distribution of AMA's copyrighted works.

53.   Defendants' copyright infringement has increased the appeal of the EPorner website, which increased the visits to Defendants' site and the revenue that they receive from the site.

54.   Defendants' conduct is willful pursuant to the provisions of 17 U.S.C. § 101 *et seq*. At minimum, Defendants acted with willful blindness and reckless disregard of AMA's registered copyrights.

55.   Under 17 U.S.C. § 504, AMA may recover damages, including ascertainable direct losses and all profits Defendants made by their wrongful conduct. Alternatively, AMA may collect statutory damages.

56.   As Defendants' infringement is willful, AMA is entitled to statutory damages of $150,000 per infringed work. 17 U.S.C. § 504(c)(2).

**5.2   Second Cause of Action – Contributory Copyright Infringement**

57.   Plaintiff AMA repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

58.   Defendants had actual or constructive knowledge of infringement occurring on EPorner or were willfully blind to such infringement.

59.   Third party users of EPorner committed the infringements, who copied and distributed AMA's works without AMA's authorization.

60.    Defendants induced, caused, or materially contributed to the third party infringement through the EPorner website, and specifically through certain features of EPorner designed to encourage users to upload copyrighted videos onto the EPorner website.

61.    Defendants additionally encouraged third parties to populate their websites with infringing materials contained on the EPorner site through the EPorner Webmaster program, including Plaintiffs' copyrighted works.

62.    Defendants induced, caused, or materially contributed to the third party infringement through Defendants' Webmaster program, which was designed to encourage third parties to post Plaintiffs' copyrighted works on their sites.

63.    Defendants received a direct financial benefit from the third party copyright infringement that it materially contributed to, caused, and induced.

**5.3    Third Claim for Relief – Vicarious Copyright Infringement**

64.    Plaintiff AMA repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

65.    Defendants had specific, or at least general, knowledge of copyright infringement occurring on EPorner.

66.    Defendants had the right and ability to control access to, remove, or disable the infringing materials.

67.    Defendants profited from the infringement through increased Internet traffic and concomitant advertising revenue it realized as a consequence of the infringement.

68.    Because Defendants profited from this infringement, it declined to use its right and ability to delete or disable any and all infringing content.

**5.4    Fourth Claim for Relief – Trademark Infringement (15 U.S.C. § 1114)**

69.    Plaintiff AMA repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

70.    On the EPorner site, Defendants prominently display AMA's federally registered trademarks on various videos in conjunction with EPorner's logo.

71.    Defendants are using Plaintiff's marks in commerce.

72.    Defendants' use of Plaintiff's trademarks constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiff's trademarks in a manner that is likely to cause confusion or mistake or to deceive consumers.

73.    By using Plaintiff's marks on the World Wide Web, Defendants intend to cause confusion, cause mistake, or deceive consumers.

74.    Defendants are using Plaintiff's trademarks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiff.

75.    Defendants' use of Plaintiff's marks has created a likelihood of confusion among consumers who may falsely believe that Defendants' business or website is associated with Plaintiff or that Plaintiff sponsors or approves of Defendants' services or commercial activities.

76.   As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**5.5   Fifth Claim for Relief – Unfair Competition (15 U.S.C. § 1125(a))**

77.   Plaintiff AMA repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

78.   Defendants' use in commerce of marks identical and/or confusingly similar to Plaintiff's trademarks in connection with Defendants' services and website constitutes a false designation of origin and/or a false and misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiff.

79.   Defendants' use in commerce of Plaintiff's marks and/or marks confusingly similar to Plaintiff's marks with the knowledge that Plaintiff owns and has used, and continues to use, its trademarks constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about Defendants' services and commercial activities.

80.   As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**6.0   PRAYER FOR RELIEF**

AMA respectfully requests that the Court hereby:

A.   Enter an order permitting early discovery from Leaseweb; Whoisproxy.com, Inc.; Domains by Proxy, LLC; Key-Systems GbmH; Godaddy.com, LLC; OVH Hosting; and Grand Slam

- 14 -

Media, Inc., so that Plaintiff AMA may amend the Complaint with the true and correct names of Defendants;

B.  Enter a judgment that Defendants willfully infringed AMA's rights in federally registered copyrights pursuant to 17 U.S.C. § 501 through direct, contributory, and vicarious acts;

C.  Issue declaratory and injunctive relief against Defendants, their agents, representatives, employees, attorneys, successors, and assigns, and all others acting with or on behalf of Defendants, and further to enjoin and restrain Defendants from copying, posting, or making any other infringing use or distribution of AMA's audiovisual works, pursuant to 17 U.S.C. § 502;

D.  Issue injunctive and declaratory relief against Defendants, their agents, representatives, employees, attorneys, successors, and assigns, and all others acting with or on behalf of Defendants, enjoining and restraining them from engaging in further acts of copyright infringement; and if they are unable to comply, the Court should issue an order shutting down EPorner completely;

E.  Issue injunctive and declaratory relief against Defendants, their agents, representatives, employees, attorneys, successors, and assigns, and all others acting with or on behalf of Defendants, enjoining and restraining them from engaging in further acts of trademark infringement and unfair competition; and if they are unable to comply, the Court should issue an order shutting down EPorner completely;

F.  Enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing digital copies of Plaintiff's

audiovisual works and other materials, which are in Defendants' possession or under its control in any form;

G.  Enter an order enjoining Defendants from disposition of any domain names registered to it, or other property, until full and final settlement or payment of any and all money damage judgments;

H.  Enter an order requiring a full and complete accounting of all amounts due and owed to AMA as a result of Defendants' illegal or improper activity, whether criminal or civil in nature;

I.  Enter an order directing Defendants to pay AMA statutory damages of maximum enhanced statutory damages of $150,000 per infringed work pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of AMA's copyrights;

J.  Enter an order directing Defendants to pay AMA both the costs of the action and reasonable attorneys' fees incurred by it in prosecuting this action under 17 U.S.C. § 505;

K.  Enter an order directing Defendants to pay pre- and post-judgment interest at the highest legal rate; and

L.  Grant AMA whatever further relief in law or in equity that the Court deems appropriate.

/ / /

/ / /

/ / /

/ / /

- 16 -

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial for all issues triable by jury.

Dated: August 24, 2015

Respectfully Submitted,

RANDAZZA LEGAL GROUP

/s/ Marc J. Randazza
Marc J. Randazza, AZ Bar No. 27861
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135

Attorneys for Plaintiff,
AMA Multimedia, LLC