# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia LLC, | No. CV-15-01674-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Parties, | |
| Defendant. | |

Plaintiff has sued a variety of unidentified individuals and corporations, alleging "copyright infringement, contributory copyright infringement, vicarious copyright infringement, trademark infringement, and unfair competition." (Doc. 1 at 2). Plaintiff seeks early discovery to discover Defendants' identities, as well as an "Ex Parte Temporary Restraining Order and Preliminary Injunction." For the following reasons, the request for early discovery will be granted in part but the request for injunctive relief will be denied.

## BACKGROUND

Plaintiff "produces high quality audiovisual erotic adult entertainment and distributes those works online to paid subscribers of its websites." (Doc. 8 at 2). Defendants own and operate the website Eporner. Defendants are the registrants of three domain names that lead to the Eporner website. Defendants registered two domain names (epornergay.com and eprncdn.com) with GoDaddy.com, a company located in

Scottsdale, Arizona. When registering these domain names, Defendants used "a privacy service, Domains by Proxy, which is also located in Scottsdale, Arizona." (Doc. 7 at 3). Using that privacy service shielded Defendants' identity from the public record. The third domain name (eporner.com) was registered with Key Systems GMBH, a company located in Sankt Ingbert, Germany. Defendants used WhoisProxy.com Ltd., a privacy service located in Auckland, New Zealand, when registering this domain name.

According to Plaintiff, Defendants established the Eporner website "with the intention of engaging in the large-scale copyright infringement of adult entertainment companies." (Doc. 7 at 4). Defendants do so by obtaining Plaintiff's copyrighted works, uploading them to the website, and permitting third-parties to view the works without paying for them. Defendants also allegedly set up Eporner to allow anonymous uploads such that third-parties could also upload Plaintiff's copyrighted works for others to view without detection or liability. Finally, Plaintiff alleges Defendants use its trademarks in a manner "that is likely to cause confusion or mistake or to deceive consumers." (Doc. 1 at 13).

Based on its inability to obtain the identity of Defendants using publicly available information, Plaintiff seeks permission to conduct early discovery. In particular, Plaintiff seeks leave to serve subpoenas on GoDaddy.com, Domains by Proxy, Key Systems GMBH, and WhoisProxy.com Ltd. The first two companies are located in Arizona and, pursuant to Federal Rule of Civil Procedure 45, can be served with a subpoena. However, the other two companies are located outside the United States and Plaintiff offers no explanation how it is entitled to serve a subpoena on such companies. *See* Fed. R. Civ. P. 45(c) (limiting geographical scope of subpoenas).

In addition to early discovery, Plaintiff seeks a temporary restraining order and preliminary injunction "restraining Defendants' assets from" the website. It is not clear what this means. As far as the Court can determine, Plaintiff is requesting some form of "freez[ing] [Defendants'] operations." (Doc. 8 at 2). This would prevent "Defendants from dissipating or moving their assets out of the Court's jurisdiction" and would also

prevent Defendants "from destroying any incriminating evidence after receiving notice of this lawsuit." (Doc. 8 at 6). Given that Plaintiff has no idea who Defendants are, it is not clear which "assets" Plaintiff is referencing nor which "evidence" it fears may be destroyed. But reading Plaintiff's proposed order, the *exact* injunctive relief Plaintiff seeks is slightly different from what it argues in the motion. The proposed order requests:

> 1) eporner.com, epornergay.com, and eprncdn.com domain names "be frozen from transfer by the registry for the domain names, VeriSign"; and
>
> 2) Defendants be "enjoined from disgorging or dissipating any assets located in the United States until further notice."

The proposed order's reference to "VeriSign" is the first and only reference to that company in Plaintiff's documents. Plaintiff offers no explanation how the Court has the authority to enjoin non-party VeriSign nor why that would be appropriate. And the proposed order makes no reference to the claim in the motion that injunctive relief is needed to prevent the destruction of evidence. Such an order is unnecessary but this difference merely highlights the differences between the arguments presented in the motion and the proposed order. *See Bright Solutions for Dyslexia, Inc. v. Doe 1*, No. 15-CV-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015) ("Once a complaint is filed, parties to a lawsuit are under a duty to preserve evidence that is relevant or could reasonably lead to the discovery of admissible evidence.") (quotation omitted).

## ANALYSIS

### A. Plaintiff is Entitled to Early Discovery

Plaintiff must establish "good cause" to seek early discovery. *Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 499 (D. Ariz. 2012). Under that standard, the Court must determine whether "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Uber Technologies, Inc. v. Doe*, No. 3:15-CV-00908-LB, 2015 WL 4451372, at *3 (N.D. Cal. July 20, 2015). In making this determination, the Court must examine if Plaintiff:

> (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates that the action can withstand a motion to dismiss; and (4) shows that the discovery is reasonably likely to lead to identifying information that will permit service of process.

*Id.*

The first and fourth considerations can be analyzed together. Plaintiff's allegations identify Defendants as the entities who registered the domain names and are operating the allegedly infringing website. These are entities which may be sued in federal court. Early discovery will, in a straightforward manner, identify these entities such that Plaintiff can complete service of process.[1] Therefore, the first and fourth considerations support early discovery.

The second and third considerations also can be analyzed together. Plaintiff has recounted the steps it took to try and identify Defendants but, given the manner in which Defendants registered the domain names and continue to operate the website, early discovery appears to be the only method for uncovering their identities. And the allegations, when construed in the light most favorable to Plaintiff, appear likely to withstand a motion to dismiss. Accordingly, the second and third consideration support early discovery.

Because all four of the relevant considerations support early discovery, Plaintiff has established the requisite "good cause" and will be permitted to pursue such discovery. Plaintiff has not, however, briefed how it proposes to pursue discovery regarding the companies located outside the United States. Thus, the Court will grant Plaintiff permission to seek early discovery with the caveat that the Court is not authorizing anything beyond issuance of Rule 45 subpoenas to companies within the reach of such

---

[1] In other cases involving similar allegations the Court has denied early discovery because it would be "only the first step in a lengthy extra-judicial investigation that may or may not lead to naming any Doe defendants in [the] lawsuit." *Breaking Glass Pictures, LLC v. John and Jane Does 118-162*, CV-13-0600-PHX-ROS (July 10, 2013). Here, however, the early discovery will lead directly to Defendants' true identities without the need for any additional investigation.

- 4 -

1  subpoenas. To the extent Plaintiff seeks authorization to pursue discovery in Germany or New Zealand, Plaintiff must submit another motion outlining the legal basis for allowing such discovery in light of the law of each country.

**B. Plaintiff is Not Entitled to Injunctive Relief**

The Ninth Circuit has adopted two different tests a court must use when deciding whether to grant a temporary restraining order or preliminary injunction.[2] *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (finding District Court "made an error of law" by employing only one test when denying preliminary injunction). The first test is that set forth by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Under that test, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The second test requires a plaintiff to show there are "serious questions going to the merits," the balance of hardships tip sharply in his favor, there is a likelihood of irreparable injury, and the injunction is in the public interest. *Cottrell*, 632 F.3d at 1135. This latter "sliding scale approach" allows a plaintiff to make a lesser showing of likelihood of success provided he will suffer substantial harm in the absence of relief. *Id.* at 1133.

Regardless of which test is applied, early injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. A court must take care to evaluate the facts supporting each request under "traditional equitable principles," keeping in mind that an injunction is an "'extraordinary and drastic remedy.'" *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 980 (9th Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689 (2008)).

Plaintiff's request for early injunctive relief flounders on the requirement of establishing the likelihood of irreparable harm. In 2011, the Ninth Circuit was presented

---

[2] A request for a temporary restraining order is analyzed under the same standards as a request for a preliminary injunction. *See Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

- 5 -

with a situation very similar to the present case. In *Perfect 10, Inc. v. Google, Inc.*, a plaintiff was seeking a preliminary injunction based on a website allegedly displaying the plaintiff's copyrighted material. 653 F.3d 976 (9th Cir. 2011). The plaintiff claimed a website displaying that material for free "destroyed its business model and threatened it with financial ruin, since no one would be willing to pay a subscription fee for material that is available without charge." *Id.* at 981. In affirming the denial of a preliminary injunction, the Ninth Circuit noted the plaintiff had not submitted sufficient evidence establishing a likelihood of irreparable harm. The court explained the plaintiff had "failed to submit a statement from even a single former subscriber who ceased paying for [the plaintiff's] service because of the content freely available via [another website]." *Id.* at 982.

Applying the same logic here, Plaintiff has not submitted *any* evidence supporting its claimed irreparable harm. Plaintiff hints Defendants' actions are resulting in "market confusion amongst current and potential customers." (Doc. 8 at 10). But Plaintiff submits no evidence. Plaintiff also implies it is suffering a loss of reputation, good will, and other business opportunities. (Doc. 8 at 10). But again, Plaintiff submits no evidence of this effect. Without evidence, there is not "a sufficient causal connection between irreparable harm to [Plaintiff's] business and [Defendants'] operation[s]." *Perfect 10*, 653 F.3d at 982. Therefore, the request for immediate injunctive relief will be denied.[3]

Accordingly,

**IT IS ORDERED** the Motion for Early Discovery (Doc. 7) is **GRANTED IN PART**. Plaintiff may pursue discovery from entities in Arizona.

---

[3] Should Plaintiff renew its request for early injunctive relief, it should factually establish the likelihood of irreparable harm but also specify the terms of its proposed injunction in more detail. As mentioned earlier, the motion for injunctive relief seeks an injunction "restraining Defendants' assets from the" website. That is not a coherent request. Assuming Plaintiff meant to request that the injunction forbid the domain names from being transferred to another entity, Plaintiff must explain the factual and legal basis for this request. And assuming Plaintiff believes the injunction should prohibit Defendants from "disgorg[ing] or dissipating" *any* asset, Plaintiff should explain why such a broad injunction is permissible.

**IT IS FURTHER ORDERED** the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 8) is **DENIED**.

Dated this 23rd day of September, 2015.

Honorable Roslyn O. Silver
Senior United States District Judge