Marc J. Randazza, AZ Bar No.: 27861
Ronald D. Green, *Pro Hac Vice*
RANDAZZA LEGAL GROUP, PLLC
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

*Attorneys for Plaintiff,*
*AMA Multimedia LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MARCIN WANAT, a foreign citizen; John Does 1-25; and Roe Corporations 26-50,<br><br>Defendants. | Case No. 2:15-cv-01674-ROS<br><br>**PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS AND RESPONSE TO ORDER TO SHOW CAUSE AND FOR EXTENSION OF TEMPORARY RESTRAINING ORDER**<br><br>**(First Request)** |

Plaintiff AMA Multimedia, LLC ("AMA") requests an extension of time to respond to Defendant Marcin Wanat's Motion to Dismiss for Lack of Personal Jurisdiction and Response to Order to Show Cause (the "Motion to Dismiss").

This Court's Sealed Order granting Plaintiff's Motion for Temporary Restraining Order provided that Defendant Wanat had until November 30, 2015 to show cause as to why a preliminary injunction should not issue and

that AMA had to respond to Wanat's filing by 12:00 p.m. Arizona Time on December 1, 2015. However, multiple events warrant an extension.

Defendant Wanat apparently filed his Motion in the early hours of November 30, 2015. However, he held back on serving it upon Plaintiff's counsel until 12:49 a.m. Arizona Time on December 1. Naturally, at that time, AMA's counsel was asleep, but was able to review it beginning at approximately 7:00 a.m. Arizona Time (or 6:00 a.m. Nevada Time).

Since Wanat did not merely file a document in response to the order, but a full blown Motion to Dismiss, this leaves an insufficient time to file a proper response, particularly since opposing Wanat's Motion to Dismiss will require AMA to gather evidence refuting the Motion's contentions, along with declarations authenticating that evidence.

As such, Plaintiff requests a modest extension of time until December 8, 2015. Considering that this Court's local rules give the non-moving party 30 days to respond to a motion to dismiss, this request is reasonable and does not prejudice Mr. Wanat.

Plaintiff additionally requests that the Temporary Restraining Order ("TRO") be extended for an additional 7 days. In his Motion to Dismiss, Defendant Wanat does not deny that he transferred the <epornergay.com> and <eprncdn.com> domains to a foreign registrar to remove assets from the State of Arizona or that he disabled access to EPorner to Nevada and Arizona I.P addresses.[1] Given the limited impact

---

[1] Plaintiff AMA has withdrawn its request that Wanat restore access to EPorner to Nevada and Arizona residents. AMA is currently able to access the site through a proxy, as discussed in Doc. # 21

of the TRO, and the fact that it would not deprive Wanat of his ability to use the <epornergay.com> and <eprncdn.com> domain names, there should be no reasonable objection to the extension of the TRO for this purpose. This is especially the case, given that the Plaintiff has withdrawn a portion of the request for the TRO, as discussed in Doc. # 21. This Court may extend the TRO without Wanat's consent for up to 14 additional days pursuant to Rule 65(b)(2).

Pursuant to LRCiv 7.3, Plaintiff attempted to resolve this issue with Mr.Wanat's counsel but was unsuccessful in doing so, as detailed in the attached Declaration of Ronald D. Green, Jr. Specifically, Plaintiff requested a mere 3-day extension but was only offered a 1-day extension by Wanat's counsel, necessitating this Emergency Motion for Extension of Time.

## 1.0 INTRODUCTION AND STATEMENT OF RELEVANT FACTS

On or about November 17, 2015, this Court granted Plaintiff's Motion for Temporary Restraining Order, ordering Defendant Wanat to: (1) return the <epornergay.com> and <eprncdn.com> domain names to GoDaddy, the Arizona based registrar where the domains were registered until Wanat received notice of this suit; (2) not transfer those domains during the pendency of the TRO; (3) restore access to EPorner for individuals living in Arizona and Nevada; and (4) not delete or dispose of evidence or transfer assets located in the U.S. (*See* Doc. # 19 at 11-12.) The TRO further provided that Wanat was required to show cause why a preliminary injunction should not issue by November 30, 2015 and that

Plaintiff was required to respond by noon on December 1, 2015, or 12 hours after Defendant's deadline for his response. (*See id*.) The Court's Order did not contemplate that Plaintiff would need to respond to a full Motion to Dismiss for lack of personal jurisdiction, along with evidence, in that 12 hours, but that is now the case.

Wanat apparently filed his Motion to Dismiss with this Court before noon on November 30, 2015. (*See* Email Exchange between counsel, attached hereto as **Exhibit 1**.) However, he did not provide a copy of it to Plaintiff's counsel until 12:44 a.m. on December 1, after Plaintiff's counsel had turned in for the night.[2] (*See id*.) Plaintiff's counsel did not see the Motion to Dismiss until approximately 5 hours before the response was due to this Court.

After reviewing the Motion to Dismiss and determining that a proper response to it was impossible in the time allotted, Plaintiff's counsel contacted Mr. Wanat's counsel to request a 3-day extension of time until Friday, December 4, 2015 to respond. (*See* **Exhibit 1**.) Even this extension seemed untenable, but in the interest of compromise and in an attempt to resolve this reasonable issue of professional courtesy without Court intervention, Plaintiff's counsel asked for an extension of the shortest possible duration.

Mr. Wanat's counsel refused the request and offered a 24-hour extension of time, which was quite unreasonable. This would still provide Plaintiff with insufficient time to gather the evidence needed to defeat

---

[2] Plaintiff's counsel received the email at 11:44 p.m. PST.

- 4 -
Motion for Extension of Time
2:15-cv-01674-ROS

Defendant's Motion to Dismiss and draft a competent opposition. Plaintiff therefore requests an extension of 7 days from this Court.

## 2.0 LEGAL ANALYSIS

### 2.1 Plaintiff is entitled to an extension of time to respond.

When this Court issued the TRO, it provided Plaintiff AMA with 12 hours to respond to a response to the Order to Show Cause, not to a full-fledged Motion to Dismiss. While Mr. Wanat was certainly well within his rights to intertwine his response with a Motion to Dismiss, Plaintiff should not be expected to file an opposition to that 20-page motion in 24 hours. In fact, this Court's local rules provide that the non-moving party gets 30-days to respond to a motion to dismiss for lack of personal jurisdiction unless otherwise ordered by the Court. *See* LRCiv 12.1(b); LRCiv 56.1(d).

Here, Plaintiff is willing to forego approximately 20 days of the time allotted to it by the local rules to respond to the Motion, in exchange for a short extension of the time required by the Court's order to rebut the portions of the document that are directly relevant to the Court's order. AMA is willing to forego nearly three weeks of response time in order to ensure that the TRO is not extended for an inordinate period of time and requests only 7 additional days to respond to the Motion to Dismiss. Defendant's counsel has unreasonably refused that request, and the 24-hour extension offered does not provide Plaintiff with sufficient time to respond to the Motion to Dismiss. Defendant will not be prejudiced in any manner by this short extension, and Plaintiff respectfully requests that this Motion be granted.

### 2.2 The TRO should be extended.

Rule 65(b)(2) of the Federal Rules of Civil Procedure allows this Court to unilaterally extend temporary restraining orders by 14 days. Plaintiff requests that it do so for half that amount of time. First, the TRO merely preserves the status quo at the time the lawsuit was filed. The only affirmative action required of Defendant is to move the <epornergay.com> and <eprncdn.com> domain names back to the Arizona registrar where they resided before Defendant Wanat got notice of this suit. It does not deprive him of use of those domains or restrict his use of the domains.

Moreover, despite Defendant's acknowledgement that he has been in possession of the TRO for at least one week, he has not yet complied with it and moved the domain names back to GoDaddy. The TRO has thus far not affected Defendant Wanat in the slightest, and Plaintiff has not yet received the relief contemplated by the Order. No prejudice would result to Mr. Wanat through a reasonable extension of the TRO – most especially since Mr. Wanat has refused to comply with it to date, and one must presume that he will continue to refuse to comply with it for at least another 7 days.

### 3.0 CONCLUSION

For the reasons expressed in this Motion, Plaintiff AMA requests a 7-day extension of time to respond to the Motion to Dismiss and 7-day extension of the TRO. Both requested extensions are reasonable, and

neither will prejudice Defendant Marcin Wanat. Plaintiff respectfully requests that this Motion be granted.

Dated: December 1, 2015

Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, AZ Bar No. 27861
Ronald D. Green, *Pro Hac Vice*
Randazza Legal Group, PLLC
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135

*Attorneys for Plaintiff,*
*AMA Multimedia, LLC*

Case No. 2:15-cv-01674-ROS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 1, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

/s/
Employee,
Randazza Legal Group, PLLC

- 8 -
Motion for Extension of Time
2:15-cv-01674-ROS