

**JAKUB P. MEDRALA, ESQ.**
Pro Hac Vice
**SEAN L. AFRICK, ESQ.**
Pro Hac Vice
**Donath & Medrala, Prof. LLC**
1091 S. Cimarron Road, Suite #A-1
Las Vegas, Nevada 89145
(702) 475-8884
(702) 938-8625 Facsimile
jmedrala@domelaw.com
safrick@domelaw.com
*Attorneys for Defendant Marcin Wanat*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada Limited Liability Company, | CASE NO.: 2:15-cv-01674-ROS |
| **Plaintiff,** | |
| vs. | **DEFENDANT MARCIN WANAT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS AND RESPONSE TO ORDER TO SHOW CAUSE AND FOR EXTENSION OF TEMPORARY RESTRAINING ORDER** |
| MARCIN WANAT, a Foreign Citizen; JOHN DOES 1-25; and ROE CORPORATIONS 26-50, | |
| **Defendants.** | |

COMES NOW, Defendant MARCIN WANAT ("Wanat" or the "Defendant") by and through his counsel of record, Donath & Medrala, Prof. LLC, and presents his OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS AND RESPONSE

TO ORDER TO SHOW CAUSE AND FOR EXTENSION OF TEMPORARY RESTRAINING ORDER, in the above-entitled case.

## PROCEDURAL BACKGROUND

The instant action, which concerns claims of copyright infringement, trademark infringement, and unfair competition, was initiated by the Plaintiff on August 24, 2015. Prior to naming Defendant Wanat in its First Amended Complaint (Dkt. No. 10), Plaintiff filed for ex parte injunctive relief, which sought to deny use of the allegedly offending domains eporner.com, eprncdn.com, and epornergay.com. That request was denied by this Court for lack of a showing of irreparable harm (*See* Dkt. No. 9).

Ultimately, Plaintiff discovered Marcin Wanat, a Polish citizen and resident, as the registrant of two of the domains it believes to be at issue, epornergay.com and eprncdn.com. The Plaintiff was given permission by this Court to serve Wanat via email.

Shortly thereafter, the Plaintiff renewed his motion for injunctive relief. On November 17, 2015, based on the Plaintiff's new allegations and modified request for relief, this Court granted the Plaintiff a TRO and ordered Wanat to show cause why a preliminary injunction should not issue for the remainder of the case by November 30, 2015. That Order was served on Wanat on November 24, 2015—almost a full week after Wanat had been served with the Complaint and only one judicial day before the deadline to respond to the Order to Show Cause ("OTSC"). The Court's order also required the Plaintiff to file a reply to the Defendant's response no later than noon on December 1, 2015. Wanat complied with the Court's OTSC, filing his response on November 30,

2015 (Dkt. No. 26). Wanat also filed a Motion to Dismiss for lack of personal jurisdiction with the response (*Id.*).

After Plaintiff was served with the Motion to Dismiss and response to the OTSC, Plaintiff's counsel contacted Defendant's counsel to request an extension of time to file their own reply (*See* Randazza-Medrala Emails, attached hereto as "Exhibit A"). The Defendant's counsel offered a 24-hour extension, which was rejected (*Id.*). Ultimately, negotiations with regard to the extension were unsuccessful, and the Plaintiff decided to file the instant emergency motion to extend the time to respond.

**ARGUMENT**

**I.    An Extension of Time Is Unjustified.**

Pursuant to Fed. R. Civ. P. 65(b), a TRO may only issue for a period of 14 days, unless before that time, and for good cause, the court extends it. The TRO in this case issued on November 17, 2015, and thus was set to expire on December 1, 2015. The Plaintiff was fully aware of this date, having received the order (unlike the Defendant) since the time it was issued.

The initial basis for the Plaintiff's request for an extension of time is that there was a 12-hour delay between the filing of the motion and the time that counsel received it (Exhibit A). In response to this delay, Defendant's counsel offered a reasonable 24-hour extension, doubling the 12-hour delay that was caused due to the fact that the Defendant was waiting for a file-stamped copy of the Response/Motion to Dismiss (*Id.*).

However, this was not enough for the Plaintiff. The Plaintiff feels compelled to

3

respond in full to the Motion to Dismiss filed with Defendant's response to the OTSC (*Id.*). There is little justification for this. Even though the Motion to Dismiss and the response to the OTSC were filed together, they comprise two separate and distinguishable prayers with this Court.

Pursuant to Local R. Civ. P. 56.1, the Plaintiff will have at least 30 days to respond to the Motion to Dismiss in full. In the interim, however, it is reasonable to require the Plaintiff to muster a response appropriate for a showing of "good cause" to extend the TRO, even without a full jurisdictional analysis in response to the Motion to Dismiss.

The Plaintiff should be prepared for this, as the question of jurisdiction is not a shocking new development in this case. Though Plaintiff might have been surprised at the timing of the Defendant's motion, it should not be surprised that the issue of personal jurisdiction was raised in responding to the TRO. The Plaintiff has been aware of the Defendant's Polish citizenship since at least November 5, 2015, the date it filed its Motion for Alternative Service (Dkt. No. 15, at 6), and should have considered and analyzed the question of jurisdiction before filing the Complaint and in its initial request for relief. Further, the Plaintiff, by virtue of the Court's Order (which was presumably drafted by the Plaintiff itself), was well aware of the limited response time it might have to the Defendant's filing. In fact, the Plaintiff's delay in providing the TRO to the Defendant practically guaranteed that the Defendant would have to file his response just before the deadline. Being surprised that an adversary filed a greater substantive

response than what was expected is not a case for good cause as to why a TRO should be extended any further than necessary. Simply put, the fact that the Plaintiff did not expect the Defendant to defend himself does not justify an extension of a TRO.

Even if the Court feels that is it justifiable to allow the Defendant an extension to respond to the issue of lack of personal jurisdiction in connection with the OTSC, it should not grant the Plaintiff's request for extension without first evaluating the Defendant's other arguments contained in his response to the OTSC. In addition to the lack of jurisdiction, the Defendant also has argued that:

1. There is a not a likelihood of success on the merits, and Wanat cannot comply with a portion of the relief because Wanat is not the registrant of eporner.com.

2. There is not a likelihood of success on the merits because no infringing material was alleged to be displayed on epornergay.com or eprncdn.com.

3. There is no showing of irreparable harm because the Plaintiff does not meet the requirements for being granted an "asset freezing" injunction.

4. The balance of equity tips in the Defendant's favor.

5. The request for relief is either irrelevant or unneccesary to prevent any type of alleged irreparable harm.

(*See* Dkt. No. 26).

If the Court evaluates these nonjurisdictional arguments and finds any of them persuasive, it must dissolve the TRO immediately and deny the Plaintiff's request for a preliminary injunction. In no event should the Court allow the Defendant additional time

to respond to these nonjurisdictional arguments. An extension, if necessary, should only allow the Plaintiff time to respond to the issue of personal jurisdiction.

## II.   Compliance With the TRO.

The Plaintiff notes that the Defendant has not complied with the TRO as it pertains to transferring the domains epornergay.com and eprncdn.com back to GoDaddy.com. Given Plaintiff's own delay and the nature of the mandatory injunction that the Plaintiff requested, this criticism is startling at best.

The Plaintiff delayed four judicial days in providing the TRO to the Defendant, and as stated in the Response to the OTSC, the Plaintiff was only given one judicial day to respond. Now, two judicial days later, the Defendant complains that Plaintiff has not yet complied.

The Defendant is a Polish citizen, whose native language is Polish. The Defendant is not an attorney. He did not understand the substance of the Court's order or whether such an order, coming from a U.S. court, located in Arizona, a state and country he has never been to, was even enforceable against him. He had to find an attorney who could speak Polish and who would be able to respond to the lawsuit in a foreign country. He also had to negotiate and agree to a representation agreement with that attorney. It is a wonder that the Defendant was even able to do this in time to file his response.

Further, Defendant is fully willing to comply with the Court's order. In fact, Defendant has requested a transfer of the domain with Godaddy. However, the Defendant, in attempting to comply with the Court's order has encountered a bigger

problem with Plaintiff's request for relief. Namely, **it appears that compliance may be impossible in the short term due to domain transfer restrictions set in place by the Internet Corporation for Assigned Names and Numbers** ("ICANN").[1]

For transfers between ICANN-accredited registrars, ICANN requires that a domain that has been recently transferred cannot be re-transferred for 60 days (ICANN Policy on Transfer, at 6, attached hereto as "Exhibit B"). Godaddy abides by this rule (Godaddy Help Article, attached hereto as "Exhibit C"). The Defendant initially transferred his domain away from Godaddy on October 5, 2015 (Dkt. No. 14-7, at 5), and it appears he will therefore have to wait until December 6, 2015, to transfer the domain. Typical domain transfers take approximately 5-7 days (Exhibit C). The Defendant is unsure whether this 5-7 days would accrue after the waiting period expires, so potentially the Defendant may not be able to effect transfer of the domain until approximately December 12, 2015.

This 60-day waiting period creates an additional problem for the Defendant. If this Court requires the Defendant to proceed with the transfer, extending the TRO, and then later determines a preliminary injunction for the balance of the case is not appropriate, the Defendant will have to wait another 60 days to transfer the domain back. This would prejudice the Defendant and provide the Plaintiff with additional injunctive relief, even if such relief is not warranted. For this reason, the Defendant asks this Court to dissolve the TRO and suspend the domain transfer requirement, until the

---

[1] ICANN is the nonprofit organization that is responsible for allocating Internet protocol ("IP") addresses, as well as setting policy for and managing the domain name system (*See* ICANN Wikipedia page, attached hereto as "Exhibit D").

issue of preliminary injunction has been fully adjudicated.

**CONCLUSION**

For the foregoing reasons, Defendant Marcin Wanat respectfully requests that this Court deny the Plaintiff's Emergency Motion for Extension of Time to Respond to Defendant's Motion to Dismiss and Response to Order to Show Cause, and for Extension of the Temporary Restraining Order.

The Defendant also requests that should the emergency motion be granted, that the Defendant only be allowed additional time to respond to the issue of personal jurisdiction, and not to any other arguments presented by the Defendant in his Response to the OTSC.

Further, the Defendant requests that in the event that the Court finds good cause that the TRO should be extended, that the Court suspend the requirement that the Defendant transfer his domain back to Godaddy until the issue of preliminary injunction has been fully decided.

DATED this 1st day of December, 2015.

**Donath & Medrala, Prof. LLC**

/s/ Jakub P. Medrala

_____

**JAKUB P. MEDRALA, ESQ.**
Pro Hac Vice
**SEAN L. AFRICK, ESQ.**
Pro Hac Vice
1091 S. Cimarron Road, Suite #A-1
Las Vegas, Nevada 89145
*Attorneys for Defendant Marcin Wanat*

8

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 1st day of December, 2015, I served a true and correct copy of the foregoing DEFENDANT MARCIN WANAT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS AND RESPONSE TO ORDER TO SHOW CAUSE AND FOR EXTENSION OF TEMPORARY RESTRAINING ORDER through the United States District Court CM/ECF, addressed to the following, or if necessary, by U.S. Mail with first-class postage prepaid, or, if possible to the following:

Marc J. Randazza, Esq.
Ronald D. Green, Esq.
Randazza Legal Group, PLLC
3625 S. Town Center Drive, Suite 150
Las Vegas, Nevada 89135
ecf@randazza.com
marc@randazza.com
*Attorneys for Plaintiff,*
*AMA Multimedia, LLC*

By: /s/Jakub P. Medrala

_____

An employee of Donath & Medrala, PLLC