Poland, and the European Union, may have with respect to protecting its citizens' personal data.

## V. WANAT'S RESPONSES TO REQUESTS FOR PRODUCTION

Having analyzed the applicable U.S. and foreign law above, the Special Master will now apply the law to the specific discovery issues raised by the parties.

**A.    Request for Production No. 3:**

**REQUEST:** Produce all correspondence between you and any person or entity related to this lawsuit, including, but not limited to any correspondence with any persons involved in the operation of EPorner and any third party vendor used by Eporner.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, vague, ambiguous, exceeds the scope of discovery and in violation of FRCP 34(b)(1)(a) because AMA fails to describe with reasonable particularity each item or category of items to be inspected. Wanat also states that Request No. 3 calls for material that is protected by attorney-client privilege, and its disclosure would subject him to undue burden and hardship per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention that Wanat contends would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objection in part, because Request No. 3 is overbroad, insomuch as it calls for correspondence that goes beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. Furthermore,

Request No. 3 shall be limited to correspondence that is dated prior to the filing of the lawsuit. However, the Special Master denies Wanat's objection, insomuch as Request No. 3 seeks correspondence that is relevant to the issue of jurisdiction.

Wanat is ordered to respond to Request No. 3, to the extent that Wanat possesses responsive correspondence relevant to the issue of jurisdiction, and dated prior to the filing of the lawsuit. With regard to any claims of privilege, Wanat should assert any privilege, if necessary, and comply with the requirements of FRCP 26(b)(5).

Wanat's objections that Request No. 3 is vague, ambiguous and not stated with reasonable particularity, are sustained in part, and denied in part, for the reasons stated above.

Wanat's objections that Request No. 3 subjects Wanat to undue burden and hardship as provided by foreign law are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

**B.     Request for Production No. 15:**

**REQUEST:** If you are not the registrant of the <eporner.com> domain name, produce any and all documents related to communication between You and the registrant of the <eporner.com> domain name from January 1, 2008 to the present.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, vague and ambiguous with regard to the term "related to communications between You and the registrant of the <eporner.com>", thus forcing Wanat to speculate the scope and intended meaning of this Request, and that it is not reasonably calculated to lead to the

discovery of admissible evidence. Wanat also asserts that Request No. 15 exceeds the scope of discovery, and that the time limitations imposed by Request No. 15 call for information that cannot be related to the copyright infringement allegations that were raised in the Complaint. Due to AMA's request for "all documents" in Wanat's possession, Request No. 15 fails to describe with particularity each item or category of items to be inspected in violation of FRCP 34(b)(1)(a). Also, according to Wanat, Request No. 15 calls for correspondence whose disclosure would subject Wanat to undue burden and hardship, because he contends this would expose him to civil and criminal liability under Polish law, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat contends would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objections, in part, because Request No. 15 is overbroad, insomuch as it calls for documents that go beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. Furthermore, Request No. 15 shall be limited to documents related to communication between Wanat and the registrant of the <eporner.com> domain name that is dated prior to the filing of the lawsuit. However, the Special Master denies Wanat's objections, insomuch as Request No. 15 seeks documents that are relevant to the issue of jurisdiction.

Wanat is ordered to respond to Request No. 15, to the extent that Wanat possesses responsive documents related to communication relevant to the issue of jurisdiction, and dated prior to the filing of the lawsuit.

Wanat's objections that Request No. 15 is vague, ambiguous and not stated with reasonable particularity, are sustained in part, and denied in part, for the reasons stated above.

Wanat's objections that Request No. 15 subjects Wanat to undue burden and hardship, pursuant to foreign law, are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

## C.   <u>Request for Production No. 16:</u>

**REQUEST:** If you are not the operator of the EPorner website, produce any and all documents related to communications between you and the operator of the EPorner website from January 1, 2008 to the present.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, vague, ambiguous, with regard to the phrase "related to communications between You and the operator of the Eporner website" forcing Wanat to speculate the scope and meaning of this Request, and not reasonably calculated to lead to the discovery of admissible evidence. Wanat also asserts that Request No. 16 exceeds also the scope of discovery. Wanat further claims that the time limitations imposed by this Request call for information that cannot possibly be related to the copyrights infringement allegations that were raised in the Complaint, as they concern the year 2015, while AMA's Request seeks information from 2008 onward. Wanat further asserts that to the extent AMA asks

for all documents in Wanat's possession, this Request fails to describe with particularity each item, or category of items, to be inspected in violation of FRCP 34(b)(1)(a). Wanat also claims that Request No. 16 calls for correspondence, that if disclosed, would subject Wanat to undue burden and hardship, because it would expose him to civil and criminal liability under Polish law, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objections in part, because Request No. 16 is overbroad, insomuch as it calls for documents related to communications that go beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. Furthermore, Request No. 16 shall be limited to all documents related to communications between Wanat and the operator of the EPorner website that are dated prior to the filing of the lawsuit. However, the Special Master denies Wanat's objections, insomuch as Request No. 16 seeks documents related to communications that are relevant to the issue of jurisdiction.

Wanat is ordered to respond to Request No. 16, to the extent that Wanat possesses responsive communications relevant to the issue of jurisdiction, and dated prior to the filing of the lawsuit.

Wanat's objections that Request No. 16 is vague, ambiguous and not stated with reasonable particularity, are sustained in part, and denied in part, for the reasons stated above.

Wanat's objections that Request No. 16 subjects Wanat to undue burden and hardship as provided by foreign law are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

**D.**     **Request for Production No. 17:**

**REQUEST:** Produce all documents in your possession referencing or relating to AMA and/or any of AMA's brands, including DeepThroatLove, TeenBFF, RealExGirlfriends, 18YearsOld, MassageCreep, PornPros, ShadyPi, MilfHumiliation, CrueltyParty, Disgraced18, CumshotSurprise, 40ozBounce, JurassicCock, FreaksOfCock, EuroHumpers, FreaksOfBoobs, CumDisgrace, CockCompetition, PimpParade, SquirtDisgrace, POVD, Tiny4K, CastingCouch-X, Passion-HD, and FuckYouCash.com

**OBJECTION:** In his objection, Wanat asserts that he is not in possession of any of the requested materials, and which he did not obtain in connection with Wanat's function and business activity, in relation to the business conducted between Wanat and his business partner, who did not agree to disclose such information. Wanat claims that the disclosure of such information would expose Wanat to civil and criminal liability pursuant to Polish law, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention,

which Wanat claims would insulate him from liability for disclosing the requested documents.

Wanat's Objections to Request No. 17 are denied. The Special Master concludes that the materials called for in Request No. 17 do not constitute business secrets pursuant to the LUC and hence, disclosure would not subject Wanat to undue burden and hardship. Moreover, since the PP and the Hague Convention do not apply in this case, those objections are also denied.

**E.**   **Request for Production No. 18:**

**REQUEST:** Produce a record of all domain names registered by you from January 2008 to the present.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. The case involves allegations of copyright infringements that occurred on <eporner.com.> Whether Wanat has registered any other domains, from 2008 to present, has no bearing on the instant action, especially on the issue of personal jurisdiction over Wanat.

The Special Master sustains Wanat's objections in part, because Request No. 18 is overbroad, insomuch as it calls for a record of all domain names that goes beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. Furthermore, Request No. 18 shall be limited to such a record that is dated prior to the filing of the lawsuit. However, the Special Master denies Wanat's objection, insomuch as Request No. 18 seeks record that is relevant to the issue of jurisdiction.

Wanat is ordered to respond to Request No. 18, to the extent that Wanat possesses a responsive record relevant to the issue of jurisdiction, and dated prior to the filing of the lawsuit.

**F.**   **Request for Production No. 19:**

**REQUEST:** Produce copies of all advertising agreements between the registrant and/or operator(s) of the EPorner website and any other person or entity.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and exceeds the scope of discovery. According to Wanat, Request No. 19 requests documents, that if disclosed, would subject Wanat to undue burden and hardship, because it would expose him to civil and criminal liability under Polish law, to the extent that the subject agreements constitute business secrets within the meaning of the LUC, and their disclosure would constitute violation of Art. 51.1 of the PDP. Wanat also asserts that the agreements requested were transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of his business, and thus, disclosure thereof would expose Wanat to liability pursuant to Polish law, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objections in part, because Request No. 19 is overbroad, insomuch as it calls for agreements that go beyond the issue of jurisdiction,

which the Special Master concludes is relevant discovery. Furthermore, Request No. 19 shall be limited to agreements that are dated prior to the filing of the lawsuit. However, the Special Master denies Wanat's objections, insomuch as Request No. 19 seeks agreements that are relevant to the issue of jurisdiction.

As to the objection related to data privacy, the Special Master sustains the objection, insomuch as Request No. 19 seeks advertising agreements that contain private data, as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability under the PDP, which would place an undue burden on Wanat.

Wanat's objections that Request No. 19 subjects Wanat to undue burden and hardship as provided by foreign law are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Wanat is ordered to respond to Request No. 19, to the extent that Wanat possesses responsive advertising agreements between the registrant and/or operator(s) of the EPorner website, and any other person or entity relevant to the issue of jurisdiction, dated prior to the filing of the lawsuit, and that do not contain private data, as defined by the PDP.

**G.**     **Request for Production No. 21:**

**REQUEST:** Produce copies of all requests for removal of content on the EPorner website, including but not limited to requests under 17 U.S.C. § 512, sent by any other

person or entity to the registrant and/or operator(s) of the EPorner website, and/or the designated agent for receipt of such notices on behalf of the EPorner website.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and exceeds the scope of discovery. Wanat also asserts that Request No. 21 requests documents, that if disclosed, would subject him to undue burden and hardship, because it would expose him to civil and criminal liability under Polish law, and to the extent that the subject documents constitute business secrets within the meaning of the LUC, their disclosure would constitute violation of Art. 51.1 of the PDP. Wanat also asserts that the documents requested in Request No. 21 were transmitted to Wanat under an assumed obligation in connection with his function and business activity in relation to the operation of Wanat's business, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objections in part, because Request No. 21 is overbroad, insomuch as it calls for copies of all requests for removal of content on the EPorner website that go beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. Furthermore, Request No. 21 shall be limited to copies of all requests for removal that are dated prior to the filing of the lawsuit. However, the

Special Master denies Wanat's objections, insomuch as Request No. 21 seeks documents that are relevant to the issue of jurisdiction.

As to the objection related to data privacy, the Special Master sustains the objection insomuch as Request No. 21 seeks copies of all requests for removal of content on the EPorner website that contain private data, as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden on Wanat.

Wanat's objections that Request No. 21 subjects Wanat to undue burden and hardship as provided by the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Request No. 21, to the extent that Wanat possesses copies of all requests for removal of content on the EPorner website, including but not limited to, requests under 17 U.S.C. § 512, sent by any other person or entity to the registrant and/or operator(s) of the EPorner website, and/or the designated agent for receipt of such notices on behalf of the EPorner website relevant to the issue of jurisdiction, dated prior to the filing of the lawsuit, and that do not contain private data, as defined by the PDP.

**H.**      **Request for Production No. 22:**

**REQUEST:** Produce all documents tending to show the identity(ies) or the uploader(s) of the content on the EPorner website identified in Exhibit 7 to AMA's Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction (Doc. 8-7).

**OBJECTION:** In his objection, Wanat assert that Request No. 22 calls for documents that if disclosed would subject him to undue burden and hardship because it would expose him to civil and criminal liability under Polish law, to the extent that the subject documents constitute business secrets within the meaning of the LUC, and their disclosure would constitute violation of Art. 51.1 of the PDP; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains the objection insomuch as Request No. 22 seeks identity(ies) or the uploader(s) of the content on the EPorner website that contain private data, as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden and hardship on Wanat. Wanat's objection with regard to the Hague Convention and the LUC is denied. Due to the above analysis of international comity, the Hague Convention and the LUC is not applicable in this case.

Thus, Wanat is ordered to Respond to Request No. 22, to the extent Wanat possesses documents tending to show the identity(ies) or the uploader(s) of the content on the EPorner website identified in Exhibit 7 to AMA's Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction (Doc. 8-7) that do not contain private data, as defined by the PDP.

**I.**   **Request for Production No. 25:**

**REQUEST:** Produce all documents tending to show the existence and specifics of the EPorner website's policy for termination of repeat copyright infringers pursuant to 17 U.S.C. § 512 (i).

**OBJECTION:** In his objection, Wanat asserts that Request No. 25 requests documents that if disclosed would subject Wanat to undue burden and hardship, because it would expose him to civil and criminal liability under Polish law, to the extent that the subject documents constitute business secrets within the meaning of the LUC, and their disclosure would constitute a violation of Art. 51.1 of the PDP. Wanat also asserted that the documents called for in Request No. 25 were transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of his business, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains the objections insomuch as Request No. 25 seeks documents tending to show the existence, and specifics, of the EPorner website's policy for termination of repeat copyright infringers pursuant to 17 U.S.C. § 512 (i) that contain private data, as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden on Wanat. Wanat's objections that Request No. 25 subjects Wanat to undue

burden and hardship pursuant to the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Request No. 25, to the extent that Wanat possesses documents tending to show the existence and specifics of the EPorner website's policy for termination of repeat copyright infringers pursuant to 17 U.S.C. § 512 (i) that do not contain private data as defined by the PDP.

**J.    Request for Production No. 26:**

**REQUEST:** Produce all documents tending to show which and how many accounts on the EPorner website have been disabled due to violations of the EPorner website's policy for termination of repeat copyright infringers pursuant to 17 U.S.C. § 512 (i), and please break them down by U.S.A. and non-U.S.A. accounts.

**OBJECTION:** In his objection, Wanat asserts that Request No. 26 requests documents that, if disclosed, would subject Wanat to undue burden and hardship because it would expose him to civil and criminal liability under Polish law, to the extent that the subject documents constitute business secrets within the meaning of the LUC, and their disclosure would constitute violation of Art. 51.1 of the PDP. Wanat also asserts that the documents called for in Request No. 26 were transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of his business, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention,

which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains the objections insomuch as Request No. 26 seeks documents tending to show which, and how many, accounts on the EPorner website have been disabled due to violations of the EPorner website's policy for termination of repeat copyright infringers pursuant to 17 U.S.C. § 512 (i) that contain private data as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden on Wanat. Wanat's objections that Request No. 26 subjects him to undue burden and hardship as provided by the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Request No. 26 by producing the documents tending to show which, and how many accounts on the EPorner website, have been disabled due to violations of the EPorner website's policy for termination of repeat copyright infringers pursuant to 17 U.S.C. § 512 (i), breaking them down by U.S.A. and non-U.S.A. accounts, that do not contain private data as defined by the PDP.

**K.   Request for Production No. 27:**

**REQUEST:** Produce all documents tending to show which and how many U.S.A. and non-U.S.A. accounts on the EPorner website have been disabled for any reason.

**OBJECTION:** In his objection, Wanat asserts that Request No. 27 requests documents whose disclosure would subject Wanat to undue burden and hardship, because it would

expose him to civil and criminal liability under Polish law, to the extent that the subject documents constitute business secrets within the meaning of the LUC, and their disclosure would constitute violation of Art. 51.1 of the PDP. Wanat also states that the documents called for in Request No. 27 were transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of his business, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains the objections insomuch as Request No. 27 seeks documents tending to show which and how many U.S.A. and non-U.S.A. accounts on the EPorner website have been disabled for any reason that contain private data as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden on Wanat. Wanat's objections that Request No. 27 subjects him to undue burden and hardship pursuant to the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Request No. 27 by producing the documents tending to show which, and how many U.S.A. and non-U.S.A. accounts on the EPorner

website, have been disabled for any reason, that do not contain private data as defined by the PDP.

**L.      Request for Production No. 28:**

**REQUEST:** If you are not the operator of the EPorner website, produce any and all contracts, purchase orders, and correspondence that you have had with the EPorner website.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of discovery. Wanat also asserts that Request No. 28 calls for documents whose disclosure would subject Wanat to undue burden and hardship, because it would expose him to civil and criminal liability under Polish law, to the extent that the subject documents constitute business secrets within the meaning of the LUC, and their disclosure would constitute violation of Art. 51.1 of the PDP. Wanat also asserts that contracts, purchase orders, and correspondence with the EPorner website requested in Request No. 28, were transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of his business, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objections in part, because Request No. 28 is overbroad, insomuch as it calls for contracts, purchase orders, and correspondence that

Wanat has had with the EPorner website that go beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. However, the Special Master denies Wanat's objections, insomuch as Request No. 28 seeks contracts, purchase orders, and correspondence with the EPorner website that are relevant to the issue of jurisdiction.

As to the objection related to data privacy, the Special Master sustains the objection insomuch as Request No. 28 seeks contracts, purchase orders, and correspondence with the EPorner website that contain private data as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden on Wanat. Wanat's objections that Request No. 28 subjects Wanat to undue burden and hardship pursuant to the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Request No. 28, to the extent that Wanat possesses contracts, purchase orders, and correspondence with the EPorner website relevant to the issue of jurisdiction, which do not contain private data as defined by the PDP.

**M.    Request for Production No. 31:**

**REQUEST:** Produce each and every document in your possession reflecting any communication with your DMCA agent, including but not limited to emails, letters, text messages, voicemails and facsimiles.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, vague, and ambiguous with regard to the term "your DMCA agent", thus forcing Wanat to speculate as to the scope and intended meaning of Request No. 31. According to Wanat, Request No. 31 also exceeds the scope of discovery, which only concerns the issue of jurisdiction. Wanat also asserts that the documents that Request No. 31 calls for must have been produced after the filing of the lawsuit and that Request No. 31 assumes facts that are not in evidence, i.e. that Wanat is a service provider within the meaning of 17 U.S.C. § 512(c) who designated a "DMCA agent". Wanat further asserts that Request No. 31 calls for correspondence whose disclosure would subject him to undue burden and hardship because it would expose him to civil and criminal liability under Polish law, to the extent that the subject correspondence was transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of his business, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objections, because Request No. 31 is overbroad, insomuch as it calls for documents in Wanat's possession reflecting any communication with his DMCA agent, including but not limited to emails, letters, text messages, voicemails and facsimiles that go beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. Furthermore, Request No. 31 shall be

limited to all documents related to communications between Wanat and the operator of the DMCA agent website, which are dated prior to the filing of the lawsuit. However, the Special Master denies Wanat's objections, insomuch as Request No. 31 seeks communications that are relevant to the issue of jurisdiction.

Wanat is ordered to respond to Request No. 31, to the extent that Wanat possesses responsive communications relevant to the issue of jurisdiction, and dated prior to the filing of the lawsuit.

Wanat's objections that Request No. 31 is vague and ambiguous are sustained in part, and denied in part, for the reasons stated above.

Wanat's objections that Request No. 31 subjects Wanat to undue burden and hardship as provided by foreign law are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

## N.   **Interrogatory No. 2:**

**INTERROGATORY:** With specificity, identify the registrant of the <eporner.com> domain name, including but not limited to (a) name, (b) postal address, (c) telephone number and (d) email address.

**OBJECTION:** In his objection, Wanat asserts that Interrogatory No. 2 calls for information, which if disclosed, would subject him to undue burden and hardship because the requested information relates to identified or identifiable individuals, and hence its disclosure would subject Wanat to civil and criminal liability under Polish law, and constitute violation of Art. 51.1 of the PDP. Wanat also asserts that information

called for in Interrogatory No. 2 was transmitted to him under assumed obligation in connection with his function and business activity in relation to the operation of Wanat and his business partner (per Art. 266 § of the PP and Art. 11.1 of the LUC); and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objections insomuch as Interrogatory No. 2 seeks identify the registrant of the <eporner.com> domain name, including but not limited to (a) name, (b) postal address, (c) telephone number and (d) email address that contain private data as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden on Wanat. Wanat's objections that Interrogatory No. 2 subjects Wanat to undue burden and hardship as provided by the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Interrogatory No. 2, except that Wanat is not required to respond to the extent doing so would reveal private data as defined by the PDP.

O.    **Interrogatory No. 6:**

**INTERROGATORY:** With specificity, identify each and every third party vendor used in the operation of the EPorner website, including but not limited to all payment

processors, all advertising brokers, all affiliates and all hosting companies, including but not limited to (a) name, (b) postal address, (c) telephone number and (d) email address.

**OBJECTION:** In his objection, Wanat asserts that Interrogatory No. 6 requests information, which if disclosed, would subject Wanat to undue burden and hardship because it constitutes business secrets within the meaning of the LUC and hence, it would expose him to civil and criminal liability under Polish law, and their disclosure would constitute violation of Art. 51.1 of the PDP. Wanat further asserts that the information called for in Interrogatory No. 6 was transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of Wanat's business (per Art. 266 § of the PP and Art. 11.1 of the LUC); and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents. Wanat further asserts that Interrogatory No. 6 is unduly burdensome and seeks information not relevant to the limited jurisdictional discovery.

As to the objection related to data privacy, the Special Master sustains the objection insomuch as Interrogatory No. 6 seeks to identify each and every third party vendor used in the operation of the EPorner website, including but not limited to all payment processors, all advertising brokers, all affiliates and all hosting companies, including but not limited to (a) name, (b) postal address, (c) telephone number and (d) email address that contain private data as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided

therein, which would place an undue burden on Wanat. Wanat's objections that Interrogatory No. 6 subjects Wanat to undue burden and hardship as provided by the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Interrogatory No. 6, except that Wanat is not required to respond to the extent doing so would reveal private data as defined by the PDP.

**P.** **Interrogatory No. 7:**

**INTERROGATORY:** Identify all domain names that you currently own or maintain, or have ever owned or maintained and the registrars you used to register them.

**OBJECTION:** In his objection, Wanat asserts that Interrogatory No. 7 is overbroad and seeks information that is not relevant to the limited scope of jurisdictional discovery.

The Special Master sustains Wanat's objection in part, because Interrogatory No. 7 is overbroad, insomuch as it calls for information that goes beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. Furthermore, Interrogatory No. 7 shall be limited to information dated prior to the filing of the lawsuit. However, the Special Master denies Wanat's objection, insomuch as Interrogatory No. 7 seeks information is relevant to the issue of jurisdiction.

Thus, Wanat is ordered to respond to Interrogatory No. 7, to the extent that Wanat possesses responsive information relevant to the issue of jurisdiction, and with regard to events that occur prior to the filing of the lawsuit.

**Q.      Interrogatory No. 8:**

**INTERROGATORY:** Identify with specificity the PayPal account associated with EPorner, including but not limited to the account number, the name under which the account is registered, and all persons with access to the account.

**OBJECTION:** In his objection, Wanat asserts that Interrogatory No. 8 requests information, which if disclosed, would subject Wanat to undue burden and hardship because it constitutes business secrets within the meaning of the LUC and hence, it would expose him to civil and criminal liability under Polish law, and their disclosure would constitute violation of Art. 51.1 of the PDP. Wanat further asserts that the information called for in Interrogatory No. 8 transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of Wanat's business (per Art. 266 § of the PP and Art. 11.1 of the LUC); and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

    As to the objection related to data privacy, the Special Master sustains the objection insomuch as Interrogatory No. 8 seeks the PayPal accounts associated with EPorner, including but not limited to the account number, the name under which the account is registered, and all persons with access to the account that contain private data as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden on

Wanat. Wanat's objections that Interrogatory No. 8 subjects Wanat to undue burden and hardship as provided by the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Interrogatory No. 8, except that Wanat is not required to respond to the extent doing so would reveal private data as defined by the PDP.

**R.** **Request for Admission No. 1:**

**REQUEST:** Admit that your DMCA agent is located in the United States.

**OBJECTION:** In his objection, Wanat asserts that Request for Admission No. 1 is vague and ambiguous with regard to the term "Your DMCA agent" and thus it forces Wanat to speculate as to the scope and the intended meaning of Request for Admission No. 1. Wanat further alleges that to the extent Request for Admission No. 1 calls for information concerning an agent designated pursuant to 17 U.S.C. § 512(c)(2), Request for Admission No. 1 assumes facts that is not in evidence.

The Objection for Request for Admission No. 1 that it is vague and ambiguous is denied, in part. Wanat is required to respond to Request for Admission No. 1 pursuant to his obligations under Rule FRCP 36(a)(4) insomuch as the Request relates to the issue of jurisdiction and relates to the time period prior to the date the lawsuit was filed.

**S.      Request for Admission No. 2:**

**REQUEST:** Admit that you did not retain your DMCA agent until after the commencement of the case currently pending against you in the U.S. District Court for the District of Arizona (Case No. CV 15-01674-PHX-ROS).

**OBJECTION:** In his objection, Wanat asserts that Request for Admission No. 2 is vague and ambiguous with regard to the term "Your DMCA agent" and thus it forces Wanat to speculate as to the scope and the intended meaning of Request For Admission No. 2. Wanat further alleges that to the extent Request For Admission No. 2 calls for information concerning an agent designated pursuant to 17 U.S.C. § 512(c)(2), Request For Admission No. 2 assumes facts that is not in evidence. Wanat further asserts that Request For Admission No. 2 is not relevant to the scope of jurisdictional discovery.

The Objection for Request for Admission No. 2 that it is vague, ambiguous and not relevant to jurisdiction is denied, in part. Wanat is required to respond to Request for Admission No. 2 pursuant to his obligations under Rule FRCP 36(4) insomuch as the Request relates to the issue of jurisdiction and relates to the time period prior to the date the lawsuit was filed.

## VI. CONCLUSIONS

Based on the preceding discussion, AMA's Motion to Compel and Wanat's Motion for Protective Order are GRANTED IN PART, AND DENIED IN PART. Furthermore, the requests of both parties, for reimbursement of attorney's fees and costs related to the Motions, are DENIED.

1    Dated: August 19, 2016.                    Respectfully Submitted,

2

3                                    _____
                                     Justyna Regan
4                                    Miller, Canfield, Paddock and Stone, P.L.C.
                                     225 W. Washington Street, Suite 2600
5                                    Chicago, IL 60606
                                     Tel: (312) 460-4200
6                                    regan@millercanfield.com
                                     *Special Master for Discovery Matters*
7

8

9

10

11   Case No. 2:15-cv-01674-ROS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

## CERTIFICATE OF SERVICE

2        I HEREBY CERTIFY that on August 19, 2016, I served a true and correct copy

3    of the foregoing document via electronic mail on:

4

5        Jakub Medrala, Esq.
         DONATH & MEDRALA, PLLC
6        1091 S. Cimarron Road, #A-1
         Las Vegas, NV 89145
7        jmedrala@domelaw.com

8        Marc J. Randazza, Esq.
         Ronald D. Green, Esq.
9        Pandazza Legal Group, PLLC
         4035 S. El Capitan Way
10       Las Vegas, NV 89147
11       mjr@randazza.com
         rdg@randazza.com

12

13                              Respectfully Submitted,

14

15       _____
                              William A. Jensen,
16                            of Miller, Canfield, Paddock and Stone P.L.C.

         27321751.4\088888-04548

17

18

19

20

21

22

23

24

25

Poland, and the European Union, may have with respect to protecting its citizens' personal data.

## V. WANAT'S RESPONSES TO REQUESTS FOR PRODUCTION

Having analyzed the applicable U.S. and foreign law above, the Special Master will now apply the law to the specific discovery issues raised by the parties.

**A.      Request for Production No. 3:**

**REQUEST:** Produce all correspondence between you and any person or entity related to this lawsuit, including, but not limited to any correspondence with any persons involved in the operation of EPorner and any third party vendor used by Eporner.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, vague, ambiguous, exceeds the scope of discovery and in violation of FRCP 34(b)(1)(a) because AMA fails to describe with reasonable particularity each item or category of items to be inspected. Wanat also states that Request No. 3 calls for material that is protected by attorney-client privilege, and its disclosure would subject him to undue burden and hardship per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention that Wanat contends would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objection in part, because Request No. 3 is overbroad, insomuch as it calls for correspondence that goes beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. Furthermore,

Request No. 3 shall be limited to correspondence that is dated prior to the filing of the lawsuit. However, the Special Master denies Wanat's objection, insomuch as Request No. 3 seeks correspondence that is relevant to the issue of jurisdiction.

Wanat is ordered to respond to Request No. 3, to the extent that Wanat possesses responsive correspondence relevant to the issue of jurisdiction, and dated prior to the filing of the lawsuit. With regard to any claims of privilege, Wanat should assert any privilege, if necessary, and comply with the requirements of FRCP 26(b)(5).

Wanat's objections that Request No. 3 is vague, ambiguous and not stated with reasonable particularity, are sustained in part, and denied in part, for the reasons stated above.

Wanat's objections that Request No. 3 subjects Wanat to undue burden and hardship as provided by foreign law are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

**B.    <u>Request for Production No. 15:</u>**

**REQUEST:** If you are not the registrant of the <eporner.com> domain name, produce any and all documents related to communication between You and the registrant of the <eporner.com> domain name from January 1, 2008 to the present.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, vague and ambiguous with regard to the term "related to communications between You and the registrant of the <eporner.com>", thus forcing Wanat to speculate the scope and intended meaning of this Request, and that it is not reasonably calculated to lead to the

discovery of admissible evidence. Wanat also asserts that Request No. 15 exceeds the scope of discovery, and that the time limitations imposed by Request No. 15 call for information that cannot be related to the copyright infringement allegations that were raised in the Complaint. Due to AMA's request for "all documents" in Wanat's possession, Request No. 15 fails to describe with particularity each item or category of items to be inspected in violation of FRCP 34(b)(1)(a). Also, according to Wanat, Request No. 15 calls for correspondence whose disclosure would subject Wanat to undue burden and hardship, because he contends this would expose him to civil and criminal liability under Polish law, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat contends would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objections, in part, because Request No. 15 is overbroad, insomuch as it calls for documents that go beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. Furthermore, Request No. 15 shall be limited to documents related to communication between Wanat and the registrant of the <eporner.com> domain name that is dated prior to the filing of the lawsuit. However, the Special Master denies Wanat's objections, insomuch as Request No. 15 seeks documents that are relevant to the issue of jurisdiction.

Wanat is ordered to respond to Request No. 15, to the extent that Wanat possesses responsive documents related to communication relevant to the issue of jurisdiction, and dated prior to the filing of the lawsuit.

Wanat's objections that Request No. 15 is vague, ambiguous and not stated with reasonable particularity, are sustained in part, and denied in part, for the reasons stated above.

Wanat's objections that Request No. 15 subjects Wanat to undue burden and hardship, pursuant to foreign law, are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

## C.   **Request for Production No. 16:**

**REQUEST:** If you are not the operator of the EPorner website, produce any and all documents related to communications between you and the operator of the EPorner website from January 1, 2008 to the present.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, vague, ambiguous, with regard to the phrase "related to communications between You and the operator of the Eporner website" forcing Wanat to speculate the scope and meaning of this Request, and not reasonably calculated to lead to the discovery of admissible evidence. Wanat also asserts that Request No. 16 exceeds also the scope of discovery. Wanat further claims that the time limitations imposed by this Request call for information that cannot possibly be related to the copyrights infringement allegations that were raised in the Complaint, as they concern the year 2015, while AMA's Request seeks information from 2008 onward. Wanat further asserts that to the extent AMA asks

for all documents in Wanat's possession, this Request fails to describe with particularity each item, or category of items, to be inspected in violation of FRCP 34(b)(1)(a). Wanat also claims that Request No. 16 calls for correspondence, that if disclosed, would subject Wanat to undue burden and hardship, because it would expose him to civil and criminal liability under Polish law, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objections in part, because Request No. 16 is overbroad, insomuch as it calls for documents related to communications that go beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. Furthermore, Request No. 16 shall be limited to all documents related to communications between Wanat and the operator of the EPorner website that are dated prior to the filing of the lawsuit. However, the Special Master denies Wanat's objections, insomuch as Request No. 16 seeks documents related to communications that are relevant to the issue of jurisdiction.

Wanat is ordered to respond to Request No. 16, to the extent that Wanat possesses responsive communications relevant to the issue of jurisdiction, and dated prior to the filing of the lawsuit.

Wanat's objections that Request No. 16 is vague, ambiguous and not stated with reasonable particularity, are sustained in part, and denied in part, for the reasons stated above.

Wanat's objections that Request No. 16 subjects Wanat to undue burden and hardship as provided by foreign law are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

**D.    <u>Request for Production No. 17:</u>**

**REQUEST:** Produce all documents in your possession referencing or relating to AMA and/or any of AMA's brands, including DeepThroatLove, TeenBFF, RealExGirlfriends, 18YearsOld, MassageCreep, PornPros, ShadyPi, MilfHumiliation, CrueltyParty, Disgraced18, CumshotSurprise, 40ozBounce, JurassicCock, FreaksOfCock, EuroHumpers, FreaksOfBoobs, CumDisgrace, CockCompetition, PimpParade, SquirtDisgrace, POVD, Tiny4K, CastingCouch-X, Passion-HD, and FuckYouCash.com

**OBJECTION:** In his objection, Wanat asserts that he is not in possession of any of the requested materials, and which he did not obtain in connection with Wanat's function and business activity, in relation to the business conducted between Wanat and his business partner, who did not agree to disclose such information. Wanat claims that the disclosure of such information would expose Wanat to civil and criminal liability pursuant to Polish law, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention,

which Wanat claims would insulate him from liability for disclosing the requested documents.

Wanat's Objections to Request No. 17 are denied. The Special Master concludes that the materials called for in Request No. 17 do not constitute business secrets pursuant to the LUC and hence, disclosure would not subject Wanat to undue burden and hardship. Moreover, since the PP and the Hague Convention do not apply in this case, those objections are also denied.

**E.      Request for Production No. 18:**

**REQUEST:** Produce a record of all domain names registered by you from January 2008 to the present.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. The case involves allegations of copyright infringements that occurred on <eporner.com.> Whether Wanat has registered any other domains, from 2008 to present, has no bearing on the instant action, especially on the issue of personal jurisdiction over Wanat.

The Special Master sustains Wanat's objections in part, because Request No. 18 is overbroad, insomuch as it calls for a record of all domain names that goes beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. Furthermore, Request No. 18 shall be limited to such a record that is dated prior to the filing of the lawsuit. However, the Special Master denies Wanat's objection, insomuch as Request No. 18 seeks record that is relevant to the issue of jurisdiction.

Wanat is ordered to respond to Request No. 18, to the extent that Wanat possesses a responsive record relevant to the issue of jurisdiction, and dated prior to the filing of the lawsuit.

**F.**     **Request for Production No. 19:**

**REQUEST:** Produce copies of all advertising agreements between the registrant and/or operator(s) of the EPorner website and any other person or entity.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and exceeds the scope of discovery. According to Wanat, Request No. 19 requests documents, that if disclosed, would subject Wanat to undue burden and hardship, because it would expose him to civil and criminal liability under Polish law, to the extent that the subject agreements constitute business secrets within the meaning of the LUC, and their disclosure would constitute violation of Art. 51.1 of the PDP. Wanat also asserts that the agreements requested were transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of his business, and thus, disclosure thereof would expose Wanat to liability pursuant to Polish law, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objections in part, because Request No. 19 is overbroad, insomuch as it calls for agreements that go beyond the issue of jurisdiction,

which the Special Master concludes is relevant discovery. Furthermore, Request No. 19 shall be limited to agreements that are dated prior to the filing of the lawsuit. However, the Special Master denies Wanat's objections, insomuch as Request No. 19 seeks agreements that are relevant to the issue of jurisdiction.

As to the objection related to data privacy, the Special Master sustains the objection, insomuch as Request No. 19 seeks advertising agreements that contain private data, as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability under the PDP, which would place an undue burden on Wanat.

Wanat's objections that Request No. 19 subjects Wanat to undue burden and hardship as provided by foreign law are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Wanat is ordered to respond to Request No. 19, to the extent that Wanat possesses responsive advertising agreements between the registrant and/or operator(s) of the EPorner website, and any other person or entity relevant to the issue of jurisdiction, dated prior to the filing of the lawsuit, and that do not contain private data, as defined by the PDP.

## G.    Request for Production No. 21:

**REQUEST:** Produce copies of all requests for removal of content on the EPorner website, including but not limited to requests under 17 U.S.C. § 512, sent by any other

person or entity to the registrant and/or operator(s) of the EPorner website, and/or the designated agent for receipt of such notices on behalf of the EPorner website.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and exceeds the scope of discovery. Wanat also asserts that Request No. 21 requests documents, that if disclosed, would subject him to undue burden and hardship, because it would expose him to civil and criminal liability under Polish law, and to the extent that the subject documents constitute business secrets within the meaning of the LUC, their disclosure would constitute violation of Art. 51.1 of the PDP. Wanat also asserts that the documents requested in Request No. 21 were transmitted to Wanat under an assumed obligation in connection with his function and business activity in relation to the operation of Wanat's business, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objections in part, because Request No. 21 is overbroad, insomuch as it calls for copies of all requests for removal of content on the EPorner website that go beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. Furthermore, Request No. 21 shall be limited to copies of all requests for removal that are dated prior to the filing of the lawsuit. However, the

Special Master denies Wanat's objections, insomuch as Request No. 21 seeks documents that are relevant to the issue of jurisdiction.

As to the objection related to data privacy, the Special Master sustains the objection insomuch as Request No. 21 seeks copies of all requests for removal of content on the EPorner website that contain private data, as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden on Wanat.

Wanat's objections that Request No. 21 subjects Wanat to undue burden and hardship as provided by the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Request No. 21, to the extent that Wanat possesses copies of all requests for removal of content on the EPorner website, including but not limited to, requests under 17 U.S.C. § 512, sent by any other person or entity to the registrant and/or operator(s) of the EPorner website, and/or the designated agent for receipt of such notices on behalf of the EPorner website relevant to the issue of jurisdiction, dated prior to the filing of the lawsuit, and that do not contain private data, as defined by the PDP.

**H.**    **Request for Production No. 22:**

**REQUEST:** Produce all documents tending to show the identity(ies) or the uploader(s) of the content on the EPorner website identified in Exhibit 7 to AMA's Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction (Doc. 8-7).

**OBJECTION:** In his objection, Wanat assert that Request No. 22 calls for documents that if disclosed would subject him to undue burden and hardship because it would expose him to civil and criminal liability under Polish law, to the extent that the subject documents constitute business secrets within the meaning of the LUC, and their disclosure would constitute violation of Art. 51.1 of the PDP; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains the objection insomuch as Request No. 22 seeks identity(ies) or the uploader(s) of the content on the EPorner website that contain private data, as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden and hardship on Wanat. Wanat's objection with regard to the Hague Convention and the LUC is denied. Due to the above analysis of international comity, the Hague Convention and the LUC is not applicable in this case.

Thus, Wanat is ordered to Respond to Request No. 22, to the extent Wanat possesses documents tending to show the identity(ies) or the uploader(s) of the content on the EPorner website identified in Exhibit 7 to AMA's Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction (Doc. 8-7) that do not contain private data, as defined by the PDP.

1

## I.   **Request for Production No. 25:**

2

**REQUEST:** Produce all documents tending to show the existence and specifics of the

3

EPorner website's policy for termination of repeat copyright infringers pursuant to 17

4

U.S.C. § 512 (i).

5

**OBJECTION:** In his objection, Wanat asserts that Request No. 25 requests documents

6

that if disclosed would subject Wanat to undue burden and hardship, because it would

7

expose him to civil and criminal liability under Polish law, to the extent that the subject

8

documents constitute business secrets within the meaning of the LUC, and their

9

disclosure would constitute a violation of Art. 51.1 of the PDP. Wanat also asserted that

10

the documents called for in Request No. 25 were transmitted to him under an assumed

11

obligation in connection with his function and business activity in relation to the

12

operation of his business, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that

13

pursuant to the Court's minute order dated December 16, 2015, AMA should seek the

14

requested information through alternative procedures, such as the Hague Convention,

15

which Wanat claims would insulate him from liability for disclosing the requested

16

17

documents.

18

The Special Master sustains the objections insomuch as Request No. 25 seeks

19

documents tending to show the existence, and specifics, of the EPorner website's policy

20

for termination of repeat copyright infringers pursuant to 17 U.S.C. § 512 (i) that contain

21

private data, as defined by the PDP. Pursuant to the international comity analysis, Wanat

22

may be subject to criminal liability as provided therein, which would place an undue

23

burden on Wanat. Wanat's objections that Request No. 25 subjects Wanat to undue

24

25

burden and hardship pursuant to the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Request No. 25, to the extent that Wanat possesses documents tending to show the existence and specifics of the EPorner website's policy for termination of repeat copyright infringers pursuant to 17 U.S.C. § 512 (i) that do not contain private data as defined by the PDP.

**J.**      **Request for Production No. 26:**

**REQUEST:** Produce all documents tending to show which and how many accounts on the EPorner website have been disabled due to violations of the EPorner website's policy for termination of repeat copyright infringers pursuant to 17 U.S.C. § 512 (i), and please break them down by U.S.A. and non-U.S.A. accounts.

**OBJECTION:** In his objection, Wanat asserts that Request No. 26 requests documents that, if disclosed, would subject Wanat to undue burden and hardship because it would expose him to civil and criminal liability under Polish law, to the extent that the subject documents constitute business secrets within the meaning of the LUC, and their disclosure would constitute violation of Art. 51.1 of the PDP. Wanat also asserts that the documents called for in Request No. 26 were transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of his business, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention,

which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains the objections insomuch as Request No. 26 seeks documents tending to show which, and how many, accounts on the EPorner website have been disabled due to violations of the EPorner website's policy for termination of repeat copyright infringers pursuant to 17 U.S.C. § 512 (i) that contain private data as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden on Wanat. Wanat's objections that Request No. 26 subjects him to undue burden and hardship as provided by the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Request No. 26 by producing the documents tending to show which, and how many accounts on the EPorner website, have been disabled due to violations of the EPorner website's policy for termination of repeat copyright infringers pursuant to 17 U.S.C. § 512 (i), breaking them down by U.S.A. and non-U.S.A. accounts, that do not contain private data as defined by the PDP.

**K.     Request for Production No. 27:**

**REQUEST:** Produce all documents tending to show which and how many U.S.A. and non-U.S.A. accounts on the EPorner website have been disabled for any reason.

**OBJECTION:** In his objection, Wanat asserts that Request No. 27 requests documents whose disclosure would subject Wanat to undue burden and hardship, because it would

expose him to civil and criminal liability under Polish law, to the extent that the subject documents constitute business secrets within the meaning of the LUC, and their disclosure would constitute violation of Art. 51.1 of the PDP. Wanat also states that the documents called for in Request No. 27 were transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of his business, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains the objections insomuch as Request No. 27 seeks documents tending to show which and how many U.S.A. and non-U.S.A. accounts on the EPorner website have been disabled for any reason that contain private data as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden on Wanat. Wanat's objections that Request No. 27 subjects him to undue burden and hardship pursuant to the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Request No. 27 by producing the documents tending to show which, and how many U.S.A. and non-U.S.A. accounts on the EPorner

website, have been disabled for any reason, that do not contain private data as defined by the PDP.

**L.    Request for Production No. 28:**

**REQUEST:** If you are not the operator of the EPorner website, produce any and all contracts, purchase orders, and correspondence that you have had with the EPorner website.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of discovery. Wanat also asserts that Request No. 28 calls for documents whose disclosure would subject Wanat to undue burden and hardship, because it would expose him to civil and criminal liability under Polish law, to the extent that the subject documents constitute business secrets within the meaning of the LUC, and their disclosure would constitute violation of Art. 51.1 of the PDP. Wanat also asserts that contracts, purchase orders, and correspondence with the EPorner website requested in Request No. 28, were transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of his business, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objections in part, because Request No. 28 is overbroad, insomuch as it calls for contracts, purchase orders, and correspondence that

Wanat has had with the EPorner website that go beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. However, the Special Master denies Wanat's objections, insomuch as Request No. 28 seeks contracts, purchase orders, and correspondence with the EPorner website that are relevant to the issue of jurisdiction.

As to the objection related to data privacy, the Special Master sustains the objection insomuch as Request No. 28 seeks contracts, purchase orders, and correspondence with the EPorner website that contain private data as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden on Wanat. Wanat's objections that Request No. 28 subjects Wanat to undue burden and hardship pursuant to the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Request No. 28, to the extent that Wanat possesses contracts, purchase orders, and correspondence with the EPorner website relevant to the issue of jurisdiction, which do not contain private data as defined by the PDP.

**M.**      **Request for Production No. 31:**

**REQUEST:** Produce each and every document in your possession reflecting any communication with your DMCA agent, including but not limited to emails, letters, text messages, voicemails and facsimiles.

**OBJECTION:** In his objection, Wanat asserts that the above request is overbroad, vague, and ambiguous with regard to the term "your DMCA agent", thus forcing Wanat to speculate as to the scope and intended meaning of Request No. 31. According to Wanat, Request No. 31 also exceeds the scope of discovery, which only concerns the issue of jurisdiction. Wanat also asserts that the documents that Request No. 31 calls for must have been produced after the filing of the lawsuit and that Request No. 31 assumes facts that are not in evidence, i.e. that Wanat is a service provider within the meaning of 17 U.S.C. § 512(c) who designated a "DMCA agent". Wanat further asserts that Request No. 31 calls for correspondence whose disclosure would subject him to undue burden and hardship because it would expose him to civil and criminal liability under Polish law, to the extent that the subject correspondence was transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of his business, per Art. 266 § of the PP and Art. 11.1 of the LUC; and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objections, because Request No. 31 is overbroad, insomuch as it calls for documents in Wanat's possession reflecting any communication with his DMCA agent, including but not limited to emails, letters, text messages, voicemails and facsimiles that go beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. Furthermore, Request No. 31 shall be

limited to all documents related to communications between Wanat and the operator of the DMCA agent website, which are dated prior to the filing of the lawsuit. However, the Special Master denies Wanat's objections, insomuch as Request No. 31 seeks communications that are relevant to the issue of jurisdiction.

Wanat is ordered to respond to Request No. 31, to the extent that Wanat possesses responsive communications relevant to the issue of jurisdiction, and dated prior to the filing of the lawsuit.

Wanat's objections that Request No. 31 is vague and ambiguous are sustained in part, and denied in part, for the reasons stated above.

Wanat's objections that Request No. 31 subjects Wanat to undue burden and hardship as provided by foreign law are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

## N.    **Interrogatory No. 2:**

**INTERROGATORY:** With specificity, identify the registrant of the <eporner.com> domain name, including but not limited to (a) name, (b) postal address, (c) telephone number and (d) email address.

**OBJECTION:** In his objection, Wanat asserts that Interrogatory No. 2 calls for information, which if disclosed, would subject him to undue burden and hardship because the requested information relates to identified or identifiable individuals, and hence its disclosure would subject Wanat to civil and criminal liability under Polish law, and constitute violation of Art. 51.1 of the PDP. Wanat also asserts that information

called for in Interrogatory No. 2 was transmitted to him under assumed obligation in connection with his function and business activity in relation to the operation of Wanat and his business partner (per Art. 266 § of the PP and Art. 11.1 of the LUC); and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

The Special Master sustains Wanat's objections insomuch as Interrogatory No. 2 seeks identify the registrant of the <eporner.com> domain name, including but not limited to (a) name, (b) postal address, (c) telephone number and (d) email address that contain private data as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden on Wanat. Wanat's objections that Interrogatory No. 2 subjects Wanat to undue burden and hardship as provided by the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Interrogatory No. 2, except that Wanat is not required to respond to the extent doing so would reveal private data as defined by the PDP.

**O.**   **Interrogatory No. 6:**

**INTERROGATORY:** With specificity, identify each and every third party vendor used in the operation of the EPorner website, including but not limited to all payment

processors, all advertising brokers, all affiliates and all hosting companies, including but not limited to (a) name, (b) postal address, (c) telephone number and (d) email address.

**OBJECTION:** In his objection, Wanat asserts that Interrogatory No. 6 requests information, which if disclosed, would subject Wanat to undue burden and hardship because it constitutes business secrets within the meaning of the LUC and hence, it would expose him to civil and criminal liability under Polish law, and their disclosure would constitute violation of Art. 51.1 of the PDP. Wanat further asserts that the information called for in Interrogatory No. 6 was transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of Wanat's business (per Art. 266 § of the PP and Art. 11.1 of the LUC); and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents. Wanat further asserts that Interrogatory No. 6 is unduly burdensome and seeks information not relevant to the limited jurisdictional discovery.

As to the objection related to data privacy, the Special Master sustains the objection insomuch as Interrogatory No. 6 seeks to identify each and every third party vendor used in the operation of the EPorner website, including but not limited to all payment processors, all advertising brokers, all affiliates and all hosting companies, including but not limited to (a) name, (b) postal address, (c) telephone number and (d) email address that contain private data as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided

therein, which would place an undue burden on Wanat. Wanat's objections that Interrogatory No. 6 subjects Wanat to undue burden and hardship as provided by the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Interrogatory No. 6, except that Wanat is not required to respond to the extent doing so would reveal private data as defined by the PDP.

**P.   <u>Interrogatory No. 7:</u>**

**INTERROGATORY:** Identify all domain names that you currently own or maintain, or have ever owned or maintained and the registrars you used to register them.

**OBJECTION:** In his objection, Wanat asserts that Interrogatory No. 7 is overbroad and seeks information that is not relevant to the limited scope of jurisdictional discovery.

The Special Master sustains Wanat's objection in part, because Interrogatory No. 7 is overbroad, insomuch as it calls for information that goes beyond the issue of jurisdiction, which the Special Master concludes is relevant discovery. Furthermore, Interrogatory No. 7 shall be limited to information dated prior to the filing of the lawsuit. However, the Special Master denies Wanat's objection, insomuch as Interrogatory No. 7 seeks information is relevant to the issue of jurisdiction.

Thus, Wanat is ordered to respond to Interrogatory No. 7, to the extent that Wanat possesses responsive information relevant to the issue of jurisdiction, and with regard to events that occur prior to the filing of the lawsuit.

**Q.      Interrogatory No. 8:**

**INTERROGATORY:** Identify with specificity the PayPal account associated with EPorner, including but not limited to the account number, the name under which the account is registered, and all persons with access to the account.

**OBJECTION:** In his objection, Wanat asserts that Interrogatory No. 8 requests information, which if disclosed, would subject Wanat to undue burden and hardship because it constitutes business secrets within the meaning of the LUC and hence, it would expose him to civil and criminal liability under Polish law, and their disclosure would constitute violation of Art. 51.1 of the PDP. Wanat further asserts that the information called for in Interrogatory No. 8 transmitted to him under an assumed obligation in connection with his function and business activity in relation to the operation of Wanat's business (per Art. 266 § of the PP and Art. 11.1 of the LUC); and, that pursuant to the Court's minute order dated December 16, 2015, AMA should seek the requested information through alternative procedures, such as the Hague Convention, which Wanat claims would insulate him from liability for disclosing the requested documents.

As to the objection related to data privacy, the Special Master sustains the objection insomuch as Interrogatory No. 8 seeks the PayPal accounts associated with EPorner, including but not limited to the account number, the name under which the account is registered, and all persons with access to the account that contain private data as defined by the PDP. Pursuant to the international comity analysis, Wanat may be subject to criminal liability as provided therein, which would place an undue burden on

Wanat. Wanat's objections that Interrogatory No. 8 subjects Wanat to undue burden and hardship as provided by the LUC, the PP and the Hague Convention are denied. Due to the above analysis of international comity, the LUC, the PP and the Hague Convention, are not applicable in this case.

Thus, Wanat is ordered to respond to Interrogatory No. 8, except that Wanat is not required to respond to the extent doing so would reveal private data as defined by the PDP.

**R.      Request for Admission No. 1:**

**REQUEST:** Admit that your DMCA agent is located in the United States.

**OBJECTION:** In his objection, Wanat asserts that Request for Admission No. 1 is vague and ambiguous with regard to the term "Your DMCA agent" and thus it forces Wanat to speculate as to the scope and the intended meaning of Request for Admission No. 1. Wanat further alleges that to the extent Request for Admission No. 1 calls for information concerning an agent designated pursuant to 17 U.S.C. § 512(c)(2), Request for Admission No. 1 assumes facts that is not in evidence.

The Objection for Request for Admission No. 1 that it is vague and ambiguous is denied, in part. Wanat is required to respond to Request for Admission No. 1 pursuant to his obligations under Rule FRCP 36(a)(4) insomuch as the Request relates to the issue of jurisdiction and relates to the time period prior to the date the lawsuit was filed.

**S.     Request for Admission No. 2:**

**REQUEST:** Admit that you did not retain your DMCA agent until after the commencement of the case currently pending against you in the U.S. District Court for the District of Arizona (Case No. CV 15-01674-PHX-ROS).

**OBJECTION:** In his objection, Wanat asserts that Request for Admission No. 2 is vague and ambiguous with regard to the term "Your DMCA agent" and thus it forces Wanat to speculate as to the scope and the intended meaning of Request For Admission No. 2. Wanat further alleges that to the extent Request For Admission No. 2 calls for information concerning an agent designated pursuant to 17 U.S.C. § 512(c)(2), Request For Admission No. 2 assumes facts that is not in evidence. Wanat further asserts that Request For Admission No. 2 is not relevant to the scope of jurisdictional discovery.

The Objection for Request for Admission No. 2 that it is vague, ambiguous and not relevant to jurisdiction is denied, in part. Wanat is required to respond to Request for Admission No. 2 pursuant to his obligations under Rule FRCP 36(4) insomuch as the Request relates to the issue of jurisdiction and relates to the time period prior to the date the lawsuit was filed.

## VI. CONCLUSIONS

Based on the preceding discussion, AMA's Motion to Compel and Wanat's Motion for Protective Order are GRANTED IN PART, AND DENIED IN PART. Furthermore, the requests of both parties, for reimbursement of attorney's fees and costs related to the Motions, are DENIED.

Dated: August 19, 2016.                     Respectfully Submitted,

_____

Justyna Regan
Miller, Canfield, Paddock and Stone, P.L.C.
225 W. Washington Street, Suite 2600
Chicago, IL 60606
Tel: (312) 460-4200
regan@millercanfield.com
*Special Master for Discovery Matters*

Case No. 2:15-cv-01674-ROS

1

**CERTIFICATE OF SERVICE**

2        I HEREBY CERTIFY that on August 19, 2016, I served a true and correct copy

3  of the foregoing document via electronic mail on:

4

5        Jakub Medrala, Esq.
         DONATH & MEDRALA, PLLC

6        1091 S. Cimarron Road, #A-1
         Las Vegas, NV 89145

7        jmedrala@domelaw.com

8        Marc J. Randazza, Esq.
         Ronald D. Green, Esq.

9        Pandazza Legal Group, PLLC
         4035 S. El Capitan Way

10       Las Vegas, NV 89147

11       mjr@randazza.com
         rdg@randazza.com

12

13                                    Respectfully Submitted,

14

15                                    _____
                                      William A. Jensen,

16       27321751.4\088888-04548      of Miller, Canfield, Paddock and Stone P.L.C.

17

18

19

20

21

22

23

24

25